IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SHEILA M. GARCÍA RIVERA**, <br><br> Plaintiff, <br><br> v. <br><br> **BALCHEM CORP.; STERI-TECH, INC., and MAYS CHEMICAL COMPANY OF PUERTO RICO, INC.**, <br><br> Defendants. | Case No. 3:25-cv-01056-CVR |

**MOTION TO DISMISS THE *COMPLAINT* (DOCKET NO. 1) PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**TO THE HONORABLE COURT:**

**COMES NOW** codefendant, **Steri-Tech, Inc.** ("Steri-Tech"), *by special appearance and without submitting to the jurisdiction or venue of this Court nor waiving any defense*, through the undersigned counsel, and files this motion to dismiss the *Complaint* (**Docket No. 1**) pursuant to Fed. R. Civ. P. 12(b)(6), and as grounds therefore states and requests as follows:

**I.   INTRODUCTION**

On January 31, 2025, plaintiff Sheila M. García Rivera ("Ms. García", and/or "Plaintiff"), filed a *Complaint* against Steri-Tech, Balchem Corporation ("Balchem"), and Mays Chemical Company of Puerto Rico, Inc. ("Mays") (collectively, the "Defendants"). See **Docket No. 1**. In the same, Plaintiff alleges, in conclusory fashion, that "Defendants' EtO [Ethylene Oxide "EtO"] sterilization process did not comply with safe and prudent methods of EtO sterilization," and that Steri-Tech "[…] subjected Ms. García Rivera to unhealthy and dangerous levels of EtO in order to increase profits and/or cut costs." Id., p. 8, ¶¶ 32-33. While lacking the necessary factual heft to bring a plausible claim against Steri-Tech (or any other defendant), Plaintiff asserts eleven (11) causes of action, to wit: (i) Violation of Clean Air Act, 42 U.S.C. § 7604; (ii) Negligence; (iii)

Case 3:25-cv-01056-CVR     Document 24     Filed 05/15/25     Page 2 of 20

Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 2 of 20

Strict Liability for Ultrahazardous Activity; (iv) Strict Liability for Failure to Warn or Instruct, 31 L.P.R.A. §5141; (v) Strict Liability for Design Defect, 31 L.P.R.A. § 5141; (vi) Negligent Design Defect, 31 L.P.R.A. §5141; (vii) Battery; (viii) Private Nuisance, 32 L.P.R.A. § 2761; (ix) Trespass; (x) Restitution – Unjust Enrichment; and, (xi) Punitive Damages, 31 L.P.R.A. § 10803.

However, the *Complaint*, aside from being generic and conclusive,[1] is devoid of factual allegations to plausibly plead said causes of action. On the scarce facts conveniently alleged against all Defendants, without any specificity as to Steri-Tech (or any defendant), negligence cannot even be inferred, if that were the pleading standard. Even if accepting as true the limited well-pleaded facts and drawing all reasonable inferences in Plaintiff's favor, the *Complaint* is insufficient and does not pass muster under the plausibility standard of Iqbal and Twombly.

For such reasons and those argued below, Steri-Tech hereby moves to dismiss the *Complaint* under Fed. R. Civ. P. 12(b)(6). Plaintiff's extremely limited and conclusory factual allegations ***do not*** satisfy the required elements to support the allegations and causes of action sounding in tort under Puerto Rico law. Plainly, such allegations and causes of action are based on pure speculation, ***not facts***. Plaintiff does not include any factual allegation linking EtO with her health diagnostics, much less establishing any causal nexus with Steri-Tech (or any defendant). What is worse, the allegations, as pled, do not exclude plausible parallel reasons for Plaintiff's purported health diagnosis not attributable to Steri-Tech (or any defendant): other health, habitual, and genetic factors that pre-dispose or caused Plaintiff the health diagnostics she has received. Plainly, the *Complaint* lacks sufficient factual allegations to state a claim for relief that is plausible

---

[1] Although Plaintiff alleges that, "[a]s a direct and proximate result of Defendant's conduct, the Plaintiff has suffered harm causing distress, anxiety, and a diminished quality of life due to her breast cancer and other health impacts," among other conclusive claims, the truth is that **no** specific facts were advanced to assert a plausible claim, including causation, against Steri-Tech (or any other defendant). See **Docket No. 1**, p. 31, ¶ 150.

Case 3:25-cv-01056-CVR     Document 24     Filed 05/15/25     Page 3 of 20

**Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 3 of 20

on its face. When considering the purported factual allegations, it cannot plausibly be said that Plaintiff suffered any damages because of any action or omission of Steri-Tech (or any defendant). This becomes even more apparent when considering that Plaintiff's allegations are mere conclusions that do not specify which defendant committed the alleged negligent act(s) or which is responsible for the claims included in the *Complaint*. Accordingly, the *Complaint* fails as a matter of law and thus should be dismissed under Fed. R. Civ. P. 12(b)(6). In the alternative, if this Court were to find that the *Complaint* meets the plausibility standard as to the claims against Steri-Tech (or any other defendant), the Court should still dismiss the *Complaint* as time-barred.

## II.     APPLICABLE LEGAL FRAMEWORK

### A.     Fed. R. Civ. P. (12)(b)(6)

To state a claim upon which a relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain plausible "short plain" statements of the plaintiff's claims, showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); Skinner v. Switzer, 562 U.S. 521, 131 S. Ct. 1289, 1296, 179 L. Ed 2d. 233 (2011). Although Rule 8(a)(2) does not explicitly require detailed factual allegations, "the complaint must set forth sufficient facts to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. C.t. 1955, 167 L. Ed. 2d. 929 (2007)). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Id.; Guardarrama v. Municipality of Aguas Buenas, Civil No. 10-2254 (JAG), 2012 WL 1669413 *2 (D.P.R. May 11, 2012).

To measure the legal sufficiency of a complaint under Rule 12(b)(6), this Court has adopted the two-step process based on the "plausibility" standard established by the Supreme Court. Burk v. Paulen, Civil No. 14-1557 (GAG), 2015 WL 1578704 *4 (D.P.R. April 9, 2015) (citing Schatz

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 4 of 20

Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 4 of 20

v. Republican State Leadership Comm., 669 F. 3d 50, 55 (1st Cir. 2012); Ocasio-Hernández v. Fortuño-Burset, 640 F. 3d 1, 12 (1st Cir. 2011) (discussing Iqbal and Twombly)).

*First*, this Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause of action elements." Burk, 2015 WL 1578704 *4 (citing Schatz, 669 F. 3d at 55). Hence, "[a] complaint does not need detailed factual allegations, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. While the Supreme Court recognized in Iqbal that "legal conclusions can provide the framework of a complaint," it underscored that a valid pleading must contain "more than unadorned, the defendant unlawfully-harmed-me accusation." Méndez Internet Mgmt. Servs. v. The Bankers Ass'n. of P.R., Civil No. 09-1667 (FAB), 2011 WL 336247 *4 (D.P.R. Feb. 3, 2011) (quoting Iqbal, 129 S. Ct. at 1949).

*Second*, this Court must also "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief."[2] Burk, 2015 WL 1578704 *4; Nieves v. Schatz, Civil No. 09-2297 (JAG), 2012 WL 3075557 *2 (D.P.R. July 29, 2012); Citibank v. R2 Advertising, Inc., Civil. No. 11-1599 (JAG), 2012 WL 2835492 *1 (D.P.R. July 9, 2012).

The Supreme Court clearly decided in Iqbal that the guidelines of its earlier decision in Twombly applied "to all civil actions," regardless of the subject matter. Iqbal, 556 U.S. at 684. Accordingly, this Court should follow the standard established in Iqbal and require that Plaintiff's *Complaint* go beyond mere conclusions by including factual allegations sufficient to show

---

[2] This Court has explained that "[p]lausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense." Burk, 2015 WL 1578704 *4 (citing Schatz, 669 F.3d at 55). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the necessary element. Id. (citing Twombly).

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 5 of 20

**Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 5 of 20

plausible claims, particularly negligence, under Puerto Rico law.

For the reasons set forth below, this Court should grant the instant motion, as the *Complaint* fails to state a plausible claim against Steri-Tech. Alternatively, if the Court were to find that the *Complaint* meets the plausibility standard, the same should be dismissed as time-barred.

### III.   DISCUSSION AND ANALYSIS

In considering a motion to dismiss, this Court must accept as true the well-pleaded factual allegations and draw all reasonable inferences in favor of the Plaintiff. See Méndez, 2011 WL 336247 *3. Thus, the starting point when considering Plaintiff's claims is the *Complaint* itself. Yet, Plaintiff fails to allege sufficient facts to put Steri-Tech on notice as to what it must defend and without giving the slightest hint of what facts support her claims and (i) the "compensatory damages, including medical expenses, pain and suffering, emotional distress, and property devaluation;"[3] (ii) the "punitive damages to punish and deter Defendants' gross negligence and reckless conduct;"[4] and (iii) costs for medical monitoring due to the increased risk of future health complications."[5] The *Complaint* therefore falls woefully short of the minimum pleading standards required by Iqbal and Twombly.

Moreover, after Iqbal, Plaintiff cannot get away with a *Complaint* that provides merely a "formulaic recitation of [some of] the elements of a cause of action" or "labels and conclusions" which is how Plaintiff chose to plead in the *Complaint*. As Steri-Tech will show, Plaintiff's claims are legally insufficient and therefore, this Court should dismiss the *Complaint*. Alternatively, should this Court find that the *Complaint* meets the plausibility standard, the same should be dismissed because it is time-barred.

---

[3] See **Docket No. 1**, p. 33, ¶ 1.
[4] Id., ¶ 2.
[5] Id., ¶ 3.

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 6 of 20

Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 6 of 20

  **A.**  **The *Complaint* (Docket No. 1) should be dismissed pursuant to Rule 12(b)(6).**

As a threshold matter, Plaintiff brings suit under allegations and causes of action sounding in tort. However, Plaintiff fails to include factual support to invoke such allegations and causes of action against the Defendants. Additionally, Plaintiff did not even submit sufficient factual allegations for each individual defendant and simply launches generic accusations against the "Defendants." Based on the insufficient allegations of the *Complaint*, Plaintiff seeks damages under Puerto Rico law and other reliefs, including but not limited to 31 L.P.R.A. § 10807, 31 L.P.R.A. § 5141, and 32 L.P.R.A. § 2761. Reading the *Complaint* in the light most favorable to Plaintiff, this Court should find that Plaintiff ***has not*** sufficiently pled her claims sounding in tort under Puerto Rico law.

To survive a motion to dismiss under Rule (12)(b)(6), Plaintiff needed to set forth in the *Complaint* plausible claims and causes of actions sounding in tort under Puerto Rico's general tort law statute, Article 1802 of the Puerto Rico Civil Code of 1930, 31 L.P.R.A. § 5141,[6] which imposes tort liability on any person who, by act or omission, causes damages to another through fault or negligence. To establish negligence, "a plaintiff must show: (1) defendant owed a duty to plaintiff; (2) defendant breached that duty (i.e. defendant was negligent); (3) plaintiff suffered

---

[6] According to Article 1815 of the Puerto Rico Civil Code of 2020, 31 L.P.R.A § 11720, "Noncontractual liability, both as to its extent and its nature, is determined by the law in effect at the time of the occurrence of the act or omission giving rise to such liability. If certain acts or omissions occurred prior to the effective date of this Code and others occurred afterwards, the liability is governed by the previous legislation." (English translation ours). The Spanish text of said article reads: "La responsabilidad extracontractual, tanto en su extensión como su naturaleza, se determina por la ley vigente en el momento en que ocurrió el acto u omisión que da lugar a dicha responsabilidad. Si unos actos u omisiones ocurrieron antes de la vigencia de este Código y otros ocurrieron después, la responsabilidad se rige por la legislación anterior"). It is alleged in the *Complaint* that (i) Ms. García "has lived within 1000 feet from Steri-Tech from 1986 to 2012 and within one mile of the facility since 2012," and "[i]n 2019, she was diagnosed with breast cancer." See **Docket No. 1**, pp. 2-3, ¶ 3. Moreover, it is alleged that "[f]or decades, Defendants have emitted, continue to emit, and/or have caused to be emitted substantial quantities of EtO from the Steri-Tech facility into the surrounding Salinas community […]." Id., p. 3 ¶ 7. Hence, the *Complaint* purports to imply allegations sounding in tort that both predate and postdate the Puerto Rico Civil Code of 2020. Therefore, pursuant to Article 1815, *ante*, the provisions of the former Puerto Rico Civil Code of 1930 apply to the instant case.

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 7 of 20

Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 7 of 20

injury; and (4) a sufficient causal nexus between defendant's breach of the duty of care and plaintiff's injury (i.e. proximate causation)." Cedeno Nieves, 2017 WL 1490441 *4 (citing Nieves-Romero v. United States, 715 F. 3d 375, 378-79 (1st Cir. 2013)).

The *Complaint*, however, lacks the necessary factual allegations to establish a valid negligence claim that is plausible on its face.

First and foremost, in virtually all of the allegations of the *Complaint*, Plaintiff refers to the "Defendants" collectively without asserting the specific act or omission of each of defendant, including Steri-Tech. Particularly, Counts II, III, IV, V, VI, VII, VIII, IX, X, and XI do not identify which defendant took the actions identified therein or when these actions took place. As such, the *Complaint* should be dismissed under Rule 12(b)(6) because it improperly lumps all the Defendants together, rendering it impossible to determine which defendant made the alleged action, and when such action was allegedly taken. See González-Camacho v. Banco Popular de Puerto Rico, 318 F.Supp. 3d 461, 502 (D.P.R. 2018) (dismissing claims under Rule 12(b)(6) because Plaintiffs lumped together conclusory allegations against all defendants, which failed to meet pleading standards under Rule 8(a)); see also Saad Maura v. Scotiabank Puerto Rico, Civil No. 17-2263 (DRD), 2019 WL 13205043 *20 (D.P.R. Sept. 30, 2019) (noting that the Plaintiffs grouping all of Defendants together in the complaint fail Iqbal and Twombly pleading standards). The vagueness of the *Complaint*, for instance under Counts VII and IX among others, renders it difficult for Steri-Tech to respond. Jiménez-Tapia v. Santander Bank PR, 257 F.Supp. 3d 193, 197 (D.P.R. 2017) (granting motion to dismiss for failure to state a claim because the "pleadings are so vague and conclusory"); Cintrón-Luna v. Roman-Bultron, 668 F.Supp. 2d 315, 318 (D.P.R. 2009) (dismissing a complaint with prejudice under Rule 12(b)(6) because "the complaint is so confused, ambiguous, vague, or otherwise unintelligible").

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 8 of 20

**Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 8 of 20

For Count I, Plaintiff alleges that "[a]s direct and proximate result of Defendants' negligence, Plaintiff breathed in air contaminated with elevated levels of EtO…" and that "[t]his exposure to a toxic carcinogen led to Ms. García Rivera's breast cancer diagnosis and other significant health complications." See **Docket No. 1**, ¶¶ 94-95.

In Count II, Plaintiff alleges that "[a]t all relevant times, Defendants owed a duty of care to Plaintiff on the safe handling of the EtO, education, training and supervision of the persons handling the product and the operation of the Steri-Tech facility in a manner that would not expose her to unreasonably harmful levels of EtO." Id., pp. 21-22, ¶ 92. Additionally, Plaintiff alleges that:

> Despite the fact Defendants knew or should have known that EtO is a carcinogenic vapor, Defendants breached their duty in the following ways:
> a. Emitting dangerous volumes of EtO into the air from the Steri-Tech facility;
> b. Disregarding safe methods to adequately control EtO emissions from the facility;
> c. Failing to warn or advise Ms. Garcia Rivera who lives and works in the area that she was being exposed to EtO;
> d. Failing to adequately record test results of high levels of EtO;
> e. Ignoring test results of high levels of EtO;
> f. Underreporting EtO levels; and
> g. Subjecting Ms. Garcia Rivera, who lives within one mile of the facility, to elevated cancer risks.

Id., ¶ 93.

As for Count III, Plaintiff alleges that "[b]ecause the alleged EtO related activities of Defendants are ultrahazardous, they are strictly liable for any injuries proximately resulting therefrom." Id., p. 23, ¶ 103. Additionally, Plaintiff alleges that "[a]s a direct and proximate result of Defendants' ultrahazardous activities, Plaintiff has been exposed to and inhaled great amounts of EtO while living in the impacted community." Id., p. 24, ¶ 104. Ultimately, Plaintiff alleges that "[a]s a direct and proximate result of Plaintiff's inhalation of EtO emissions from the facility, they (sic) developed the herein alleged injuries, which have caused and will continue to cause Plaintiff

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 9 of 20

Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 9 of 20

to incur and endure medical bills, lost wages, pain and suffering, mental anguish, disability, disfigurement, reduced life expectancy, and a loss of their (sic) normal life." Id., ¶ 105.

Furthermore, in Count IV, Plaintiff alleges that "[a]t all relevant times the Defendants manufactured, distributed, marketed, sold, stored, and used sterilant products, they knew or should have known their EtO products were dangerous and threatened and still threaten the community and property where Plaintiff has been living." Id., ¶ 110. Additionally, Plaintiff alleges that "Defendants are strictly liable for all damages to Plaintiff arising out of their failure to provide adequate warnings and instructions regarding their unreasonably dangerous nature of EtO," and that "[t]he Defendants' manufacture, distribution and negligent use of EtO resulted in the injurious exposure to EtO for Plaintiff, causing her breast cancer and creating other ongoing threats to her physical and economic health and well-being." Id., p. 25, ¶ 118. Therefore, Plaintiff claims that "Defendants are strictly liable for all damages arising out of their failure to warn plaintiff of the ultrahazardous nature of EtO." Id., p. 26, ¶ 120.

In Count XI, Plaintiff alleges that "…Defendants have caused great harm to Plaintiff, acting with implied malice and an outrageously conscious disregard for plaintiff's rights and safety, such that the imposition of punitive damages is warranted." Id., p. 33, ¶ 173.

However, in these allegations and causes of action, Plaintiff fail to identify a proximate cause between Steri-Tech's (or any other defendant) purported breach of the alleged duty of care and Plaintiff's injury, that is, the illnesses suffered by Plaintiff, such as breast cancer, "and other significant health complications."[7] As such, Plaintiff failed to allege sufficient factual heft regarding the purported negligence and damages suffered for this Court to draw a reasonable inference of her claims.

---

[7] Id., p. 2 ¶ 3, p. 16, ¶ 7., p. 22, ¶ 94.

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 10 of 20

**Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 10 of 20

For example, Plaintiff claims that the "Defendants' actions and omissions were reckless, demonstrating a callous disregard for public safety" and that "[t]heir conduct constitutes gross negligence, and they are liable for the injuries and damages suffered by Plaintiff." See **Docket No. 1**, pp. 15, ¶ 66. However, these claims are devoid of sufficient factual allegations to establish each defendant's responsibility, if any, which Steri-Tech denies, in relation to Plaintiff's health diagnostic. The same can be said of all allegations in the eleven (11) causes of actions of the *Complaint*. In reality, Plaintiff utterly fails to include sufficient facts to plead a causal nexus between any of the defendant's breach of the duty of care under all eleven (11) causes of actions and Plaintiff's purported injuries. Such naked assertions are bereft of any factual content and thus, this Court need not accept them as true legal conclusions for purposes of the analysis. Guardarrama, 2012 WL 1669413 *2.

More importantly, "case law does not support an automatic conclusion of negligence from the mere occurrence of an [incident]." Fedelich v. Am. Airlines, 724 F. Supp. 2d 274, 281 (D.P.R. 2010). Plaintiff ***does not*** allege or specify any legal theory of negligence (much less the required criteria for strict product liability) or breach of any duty against Steri-Tech specifically. Hence, Plaintiff's pleading does not advance facts to support a negligence theory against Steri-Tech (or any defendant). Plaintiff's limited allegations ***do not*** identify if EtO was found in her body or a doctor's diagnostic that includes EtO as a factor of the diagnosed health condition. Thus, Plaintiff's pleading also fails to submit facts to support a theory of causation, meaning that any negligence by Steri-Tech (or any defendant) caused the alleged injuries. Consequently, there can be ***no*** causal nexus to support a negligence claim against Steri-Tech (or any defendant).

Plaintiff further claims strict liability, negligence and gross negligence for design defect

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 11 of 20

Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 11 of 20

pursuant to 31 L.P.R.A. § 5141, under Counts V and VI[8] which are similarly flawed. Aside from the pleadings being conclusory and woefully insufficient to meet the plausibility standard under 31 L.P.R.A. § 5141, this Court must not overlook the fact that pursuant to 31 L.P.R.A. § 10807, "[p]eople who sell in the flow of commerce a product" are the ones that are solely responsible for the damages caused by a product that "by its design or manufacture is unreasonable dangerous." Plaintiff does not allege, because she cannot, that Steri-Tech sells in the flow of commerce "EtO and EtO-containing products." Hence, Steri-Tech is not responsible for the injuries and remedies claimed under Counts V and VI, and they should be dismissed in favor of Steri-Tech.

As to Count VIII, by which Plaintiff pleads public and private nuisance pursuant to 32 L.P.R.A. § 2761, Plaintiff once again does not meet the plausibility standard of Iqbal and Twombly. For instance, Plaintiff pleads that "Defendants' conduct has caused unreasonable and substantial interference with the comfortable enjoyment of her life and property, leading to her breast cancer, medical costs, and diminished enjoyment of life and property due to the ongoing contamination of the air she breathes." **Docket No. 1**, pp. 30-31, ¶ 154. Additionally, Plaintiff alleges that "Defendants' conduct was a substantial factor in causing Plaintiff to have to pay these costs and damages" and that, "[a]s a result of the private nuisance caused by Defendants, Plaintiff has suffered physical and emotional injury, medical expenses, property damage, and a reduced quality of life." Id., ¶ 156-158. However, if this Court isolates and ignores the averments in the *Complaint* that simply rehash the elements of the cause of action, which consist of mere conclusions, like the aforementioned allegations, it will judiciously conclude that the *Complaint* does not suffice and fails to meet the plausibility standard. As such, Count VIII fails to meet the plausibility standard and thus, is insufficient as a matter of law.

---

[8] **Docket No. 1**, pp. 26-28, ¶¶ 122-135; pp. 28-29, ¶¶ 136-143.

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 12 of 20

**Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 12 of 20

Likewise, in Count X, Plaintiff alleges that the "Defendants have avoided liability for these costs". Id., p. 32, ¶¶ 167. Thus, Plaintiff claims restitution and unjust enrichment because "[i]n equity and fairness, it is the Defendants, not the Plaintiff, who should bear the costs of healthcare for the Plaintiff," and "[a]s a result, the Defendants have been unjustly enriched to the extent that Plaintiff has to pay these costs." Id., ¶¶ 168. However, Plaintiff does not substantiate her claims, rather only includes mere conclusions, without advancing sufficient factual allegations to support a cause of action of unjust enrichment. Hence, Count X fails to meet the plausibility standard since it includes conclusory and insufficient pleadings.

As for Count VII, Plaintiff insufficiently pleads that the "Defendants' recklessly caused Plaintiff's property and community to come in contact with this contaminant in such a way that was offensive and harmful…" Id., p. 29, ¶ 147. Additionally, it is alleged that "Plaintiff was not informed or aware that she was exposed and inhaling EtO, and therefore, did not consent to being exposed to these contaminants". Id., p. 30, ¶ 149. Therefore, Plaintiff alleges that "[a]s a direct and proximate result of Defendant's conduct, the Plaintiff has suffered harm causing distress, anxiety, and a diminished quality of life due to her breast cancer and other health impacts as a human being, and a violation of one's reasonable sense of personal dignity" Id., ¶ 150. Again, Plaintiff does not substantiate her claims, rather only includes mere conclusions, without advancing sufficient factual allegations to support a cause of action of unjust enrichment. Hence, Count VII fails to meet the plausibility standard since it includes conclusory and insufficient pleadings.

Lasty, in Count IX, Plaintiff alleges trespass against all Defendants, specifically alleging that "Defendants negligently, recklessly, and/or intentionally designed, manufactured, distributed, marketed, sold, and used EtO in a manner that caused EtO to contaminate Plaintiff's property." Id., p. 31, ¶ 162. Additionally, Plaintiff alleges that "[a]s a direct and proximate result of

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 13 of 20

**Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 13 of 20

Defendants' trespass, Plaintiff has suffered and continues to suffer property damage leading to devaluation of property and requiring investigation and monitoring costs." Id., p. 32, ¶ 163. Lastly, Plaintiff alleges that "Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for the health and safety of others, and for Plaintiff's property rights." Id., ¶ 165.

Under similar circumstances, in Lamar Ellis v. Evonik Corporation, 604 F.Supp.3d 356 (E.D.La.2022), the Court found that plaintiffs did not plead any facts supporting their conclusory recitation of the elements of battery and determined the following:

> Here, the Court finds that **plaintiffs have not pleaded any facts supporting their conclusory recitation of the elements of battery**. While plaintiffs broadly assert that the Evonik "knew that the intended emissions ... would make contact with and be inhaled by ... Plaintiffs," and "knew to a substantial certainty that inhalation of EtO would cause serious health risks and increased risks of cancer to those individuals," **these allegations amount to "naked assertions devoid of further factual enhancement**." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (cleaned up) (citations omitted). Moreover, even plaintiffs' specific factual allegations do not give rise to a battery claim. Plaintiffs assert elsewhere in their complaint that Evonik "knew, or should have known, that the EtO it was releasing was dangerous, toxic, carcinogenic, mutagenic, and harmful to local residents." **But even accepting that allegation as true, mere knowledge of a possible danger does not give rise to a battery claim**. See Reeves, 731 So. 2d at 213 ("**Mere knowledge and appreciation of risk does not constitute intent** ...." (citations omitted)); *cf.* Armstead v. Schwegmann Giant Super Markets, Inc., 618 So. 2d 1140, 1142 (La. App. 4 Cir. 1993), writ denied, 629 So. 2d 347 (La. 1993) ("[M]ere knowledge ... that a machine is dangerous and that its use, therefore, creates a high probability that someone will eventually be injured is not sufficient to meet the 'substantial certainty' requirement." (citations omitted)).
>
> For these reasons, the Court finds that plaintiffs' claims for civil battery must be dismissed. Evonik's motion to dismiss is granted as to the battery claims. **Because plaintiffs' battery theory is implausible, and any amendment would be futile, the Court dismisses the battery claims with prejudice, and does not grant plaintiffs leave to amend their battery allegations.** See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (noting that leave to amend should be denied when an amendment would be futile).

Id. (Emphasis added).

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 14 of 20

Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 14 of 20

Like in Evonik, the *Complaint* purports to lists elements of battery and trespass in a conclusory fashion without any factual allegation, sufficiently specific, to support such a theory against Steri-Tech for alleged battery and trespass. This ultimately demonstrates that the pleadings in the *Complaint* are implausible and, even though Plaintiff alleges that "Defendants knew with substantial certainty that they were emitting harmful levels of EtO that contaminated Plaintiff's property, place of employment, and community…" and that "Defendants knew that it was substantially certain that their acts and omissions described above would threaten public health and cause extensive contamination of property", as decided in Evonik, mere knowledge of the danger involved in the use of EtO does not constitute that Steri-Tech had intent to harm the Plaintiff nor her property and community. Id., p. 29, ¶ 146, and p. 32, ¶ 164.

For these reasons, the *Complaint* does not meet the pleading standards imposed by Iqbal and Twombly and should be dismissed. Nowhere in the *Complaint* does the Plaintiff plausibly show, let alone with facts, that her alleged injuries are attributable to EtO emissions at all, much less attributable to Steri-Tech's conduct, since speculation does not satisfy the plausibility standards. Therefore, the *Complaint* should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**B.     Alternatively, if this Court were to find that the *Complaint* meets the plausibility standard, the same should be dismissed as time barred.**

If the *Complaint* is not dismissed for failing to meet the plausibility standard, in the alternative, the allegations of the *Complaint* leave no doubt that Plaintiff's allegations and causes of action sounding in tort are time-barred, since the same were undoubtedly filed after the 1-year limitations period had elapsed. See Ocaso, S.A., Compañía de Seguros y Reaseguros v. Puerto Rico Mar. Shipping Auth., 915 F. Supp. 1244, 1258 (D.P.R. 1996) (the applicable statute of limitations to the claim for damages is one (1) year as provided for actions sounding in tort as set forth in 31 L.P.R.A. § 5298). Therefore, the *Complaint* should be dismissed as time barred.

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 15 of 20

Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 15 of 20

As indicated, Plaintiff brings claims and causes of action sounding in tort under Puerto Rico law. Article 1868 of the Puerto Rico Civil Code of 1930, P.R. Laws Ann. tit. 31 § 5298, sets forth the statute of limitations applicable to actions based on fault or negligence under Article 1802 of the Puerto Rico Civil Code of 1930, *ante*.[9] Matos Ortíz v. Commonwealth of Puerto Rico, 103 F. Supp. 2d 59, 63 (D.P.R. 2000). Puerto Rico law establishes a one-year limitations period for such actions from the time the aggrieved person had knowledge of the injury and could exercise his right. 31 L.P.R.A. §§5298, 5299; Riley v. Rodríguez Pacheco, 119 D.P.R. 762, 775, 19 P.R. Offic. Trans. 806 (1987); Colón Prieto v. Geigel, 115 D.P.R. 232, 244-47, 15 P.R. Offic. Trans. 313, 327-31 (1984).

When the Plaintiff's allegations leave no doubt that an asserted claim is time-barred, then that fact may properly be raised in a motion to dismiss. LaChapelle v. Berkshire Life Ins. Co., 142 F. 3d 507, 509 (1st Cir. 1998) ("In the case of the affirmative defense of statute of limitations, **dismissal is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time barred**.") (Emphasis added); see also Street v. Vose, 936 F. 2d 38, 39 (1st Cir.1991); Kali Seafood Inc. v. Howe Corp., 887 F. 2d 7, 9 (1st Cir. 1989); Estate of Alicano-Ayala v. Philip Morris, Inc., 263 F. Supp. 2d 311, 315 (D.P.R. 2003).

In this case, Plaintiff filed the *Complaint* seeking the following remedies:

a. Compensatory damages, including medical expenses, pain and suffering, emotional distress, and property devaluation;
b. Punitive damages to punish and deter Defendants' gross negligence and reckless conduct;
a. Costs for medical monitoring due to the increased risk of future health complications;
b. Injunctive relief;

---

[9] Article 1868 reads as follows:
  The following prescribe in one (1) year:
  (1) Actions to recover or retain possession.
  (2) Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof.

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 16 of 20

**Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 16 of 20

    c. Declaratory judgment;
    d. Attorneys' fees and costs as permitted by law;
    e. Pre-judgment and post-judgment interest; and
    f. Such other and further relief as this Court may deem just and proper.

**Docket No. 1**, pp. 32-33, ¶¶ 1-8. These are the remedies sought by Plaintiff for her only alleged present injury: "damages on Ms. Rivera's behalf, and compensation for medical expenses and other harms suffered due to her prolonged exposure to EtO emissions" Id., at p. 3, ¶ 3.

Particularly, Plaintiff fails to include any factual allegation to sustain that the *Complaint* was filed within the 1-year limitations period for actions sounding in tort, which apply to all of her allegations and causes of action. Per the *Complaint*, (i) Ms. García was diagnosed with breast cancer in **_2019_**. Id., p. 2 ¶ 3. Hence, the health diagnosis allegedly occurred in **_2019_**, that is, **_six (6) years_ prior to filing the _Complaint_** (id.), and the *Complaint* was filed on January 31, 2025, without any allegation of tolling the applicable limitations period. As for the alleged Notice of Intent to Sue sent by Plaintiff to Steri-Tech, Plaintiff alleges that the same was sent on October 29, 2024, that is, **_five (5) years after the diagnosis in 2019_**, which is beyond the 1-year limitations period.

It is axiomatic that "[t]he weight of state and federal case law indicate that a medical diagnosis generally puts a plaintiff on constructive notice of her cause of action, thereby starting the prescriptive period." Joseph v. Evonik Corp., Civil No. 22-1530, 2022 WL 16712888 *4 (E.D. La. Nov. 4, 2022) (citing Brown v. R.J. Reynolds Tobacco Co., 52 F. 3d 524, 527 (5th Cir. 1995) ("[C]ontra non valentem will suspend the running of the prescriptive period until the claimant knows or should reasonably know that he has suffered damages.... With a latent disease, this is usually upon diagnosis." (internal citations omitted))); see also Benítez-Pons v. Commonwealth of Puerto Rico, 136 F. 3d 54, 59 (1st Cir. 1998) ("[t]he one year period begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury.").

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 17 of 20

Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 17 of 20

Therefore, assuming that the date of the health diagnosis[10] in **_2019_** triggers the 1-year limitations period, Ms. García had **_until 2020_** to file her claim, but the same was brought before this Court many years later on January 31, 2025. Consequently, from the facts alleged in the *Complaint*, it is evident that her claims are time-barred.

Additionally, as for Count I, Plaintiff alleges that Steri-Tech violated the Clean Air Act ("CAA") pursuant to 42 U.S.C. § 7604. **Docket No. 1**, pp. 13-15, ¶¶ 57-63, pp. 20-21, ¶¶ 83-89. Specifically, Plaintiff alleges the following:

> Defendant Steri-Tech has violated, and continues to violate, the CAA by failing to comply with the following regulatory requirements:
>
> a. Failing to maintain the required minimum operating temperatures of 1,521°F for its thermal oxidizer to ensure a 99% destruction efficiency of EtO, as required by 40 C.F.R. § 63.362(c), 63.363(a)(1), and 63.363(b)(3), and Section 112 of the CAA. EPA inspections revealed oxidizer temperatures consistently below the required threshold, allowing excessive EtO emissions.
>
> b. Failing to comply with continuous monitoring and reporting requirements for the thermal oxidizer as mandated by 40 C.F.R. §§ 63.363(f), 63.364(c), and Section 112 of the CAA. Defendant did not install or maintain appropriate monitoring equipment, resulting in inaccurate reporting of EtO emissions and failure to demonstrate ongoing compliance with emission standards.
>
> c. Failing to ensure that the newly installed Catalytic Recuperative Oxidizer (CRO) meets the 99.9% EtO destruction efficiency standard, in violation of both NESHAP requirements and the facility's operating permit. The CRO has experienced multiple operational failures, including explosions caused by exceeding EtO concentration limits.

Id., p. 21, ¶ 87.

---

[10] The case of Fortado v. Evonik Corporation, Civil No. 22-1518, 2022 WL 4448230 (E.D.LA. Sept. 23, 2022), exemplifies the importance of the date of diagnosis in relation to the limitations period. In Fortado, the Court determined that the date of diagnosis was important, since "the question is whether, in light of plaintiff's own information and the diagnoses he received, the plaintiff was reasonable to delay in filing suit." Id., at *6; see also Joseph, 2022 WL 16712888 *2-7 (plaintiff's failure to investigate the cause of her diagnosis more than ten years before she filed suit was unreasonable and precluded the application of *contra non valentem* ("discovery rule")).

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 18 of 20

Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 18 of 20

As a threshold issue, Plaintiff's allegations under Count I do not include specific dates for each violation that is alleged, therefore it is impossible to identify when such violation occurred.

The specificity of each allegation pursuant to the CAA is essential because the CAA contains no specific statute of limitations provision, therefore, the **5–year statute of limitations** set forth in 28 U.S.C. § 2462 applies.[11] See New York v. Niagara Mohawk Power Corp., 263 F.Supp.2d 650, 2003 WL 21196219 (W.D.N.Y. 2003) (citing United States v. Illinois Power Co., 245 F.Supp.2d 951, 954–55 (S.D.Ill.2003)); United States v. Southern Indiana Gas and Elec. Co., No. IP 99-1692-C-M/F, 2002 WL 1760752, at *3 (S.D.Ind. July 26, 2002); United States v. Murphy Oil USA, Inc., 143 F.Supp.2d 1054, 1080 (W.D.Wis.2001); United States v. Westvaco Corp., 144 F.Supp.2d 439, 442 (D.Md.2001); United States v. Brotech Corp., No. Civ. A. 00-2428, 2000 WL 1368023, at *3 (E.D.Pa. Sept. 19, 2000). Under 28 U.S.C. § 2462, the limitations period begins to run **on the date that the violation first occurs**. Illinois Power, 245 F.Supp.2d at 955; Southern Indiana Gas and Elec., 2002 WL 1760752, at *3.

In the *Complaint*, Plaintiff alleges that "[a]s a result of Defendant's ongoing violations of the CAA, Steri-Tech has released significant amounts of EtO into the atmosphere, contributing to elevated cancer risks, environmental degradation, and public health hazards for the surrounding communities." **Docket No. 1**, p. 21, ¶ 88. Presumably, "[t]he violations identified herein constitute a "failure to comply with an emission standard or limitation" as defined in 42 U.S.C. § 7604(f) and give rise to a citizen suit under 42 U.S.C. § 7604(a), allowing for the imposition of civil penalties and injunctive relief." Id., ¶ 89. However, the alleged violation identified by Plaintiff

---

[11] 28 U.S.C. § 2462 provides: Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within **five years** from the date when the claim first accrued, if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 19 of 20

**Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 19 of 20

***lacks any specific date***, which makes it impossible for Ster-Tech to determine when the alleged violation occurred. Accordingly, Plaintiff failed to allege any fact to support the proposition that her claim under CAA is timely or that she somehow tolled the 5-year limitations period. Plaintiff had the burden of showing that the *Complaint* is timely and failed to do so. As such, her claim under CAA should be dismissed as time barred.

On the other hand, on May 14th, 2025, codefendant Balchem, Corp. ("Balchem"), filed a *Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6)* ("Motion to Dismiss"). **Docket No. 19.** Pursuant to Fed. R. Civ. P. 10(c) and L. Civ. R. 7(f), for the sake of judicial economy and to avoid needless repetition of briefing, Steri-Tech hereby advances that it joins and incorporates by reference, as if argued herein, the arguments, citations, and prayers for relief made in Balchem's Motion to Dismiss, particularly the Section I(A), I(B), I(D), I(E), I(H), I(I), and I(J). That is, Steri-Tech joins and incorporates by reference the arguments asserted by Balchem in the following sections of their Motion to Dismiss: Section I(A) (**Docket No. 19**, pp. 7-12), titled "Plaintiff's Design Defect Claims Should be Dismissed; Section I(B) titled "Plaintiff's Failure to Warn Claim Should be Dismissed" (id., pp. 13-16); Section I(D) titled "Plaintiff's Private Nuisance Claim Should Be Dismissed" (id., p. 19); Section I(E) titled "Plaintiff's Ultrahazardous Activity Claim Should Be Dismissed" (id., p. 20); Section I(H) titled "Plaintiff's Restitution Claim Should Be Dismissed" (id., p. 22); Section I(I) titled "Plaintiff's Claims Are Time-Barred" (id., pp. 22-24); Section I(J) titled "Plaintiff's Punitive Damages Claim Should Be Dismissed" (id., p. 24). Steri-Tech advances this plea for joinder; however, Steri-Tech will file a separate Motion for Joinder to elaborate how these arguments of Balchem's Motion to Dismiss are readily transferrable to Steri-Tech's instant motion.

**WHEREFORE**, codefendant Steri-Tech respectfully requests that this Honorable Court

Case 3:25-cv-01056-CVR   Document 24   Filed 05/15/25   Page 20 of 20

**Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 20 of 20

grant the instant motion and, consequently, enter judgment dismissing with prejudice the *Complaint* (**Docket No. 1**) pursuant to Fed. R. Civ. P. 12(b)(6).

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of May, 2025.

*Counsel for Steri-Tech, Inc.*:

**Ferraiuoli**
P.O. Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com