**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **SHEILA M. GARCÍA RIVERA**, <br><br> Plaintiff, <br><br> v. <br><br> **BALCHEM CORP.; STERI-TECH, INC., and MAYS CHEMICAL COMPANY OF PUERTO RICO, INC.**, <br><br> Defendants. | Case No. 3:25-cv-01056-CVR |

**MOTION FOR JOINDER TO *BALCHEM CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)***

**TO THE HONORABLE COURT:**

**COMES NOW** co-defendant Steri-Tech, Inc. ("Steri-Tech"), *by special appearance and without submitting to the jurisdiction or venue of this Court nor waiving any defense*, through the undersigned attorneys, and hereby joins and adopts by reference codefendant's Balchem, Corp. ("Balchem"), filed a *Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6)* ("Motion to Dismiss") (**Docket No. 19**), specifically Sections I(A), I(B), I(D), I(E), I(H), I(I), and I(J), and as grounds therefore states and requests as follows:

On January 31, 2025, plaintiff Sheila M. García Rivera ("Ms. García" and/or "Plaintiff"), filed a *Complaint* against Steri-Tech, Balchem, and Mays Chemical Company of Puerto Rico, Inc. ("Mays") (collectively, the "Defendants"). **Docket No. 1**.

On May 14, 2024, codefendant Balchem filed its Motion to Dismiss. **Docket No. 19**. Therein, Balchem showed that the Complaint should be dismissed because: (i) all of Plaintiffs' claims under Count II for negligence, Count III for ultrahazardous activity, Count VII for battery, Count VIII for private nuisance, Count IX for trespass, Count X for unjust enrichment, and Count

Case 3:25-cv-01056-CVR    Document 25    Filed 05/15/25    Page 2 of 5

**Motion for Joinder to** *Balchem, Corp. Motion to Dismiss*…(Docket No. 19)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page **2** of **5**

XI for punitive damages "are pleaded against all defendants, but the claims have little or nothing to do with Balchem's alleged conduct". Id., pp. 9-10. Additionally, Balchem argues that most of Plaintiff's claims are not viable under Puerto Rico law against a product supplier like Balchem. Likewise, Balchem argues that claims related to battery, unjust enrichment, and punitive damages claim "are not properly pleaded against any of the Defendants". Id. Lastly, Balchem argues that Plaintiff's claims are time barred by Puerto Rico's one year statute of limitations for tort claims.

Today, May 15, 2025, Steri-Tech filed a *Motion to Dismiss the Complaint (Docket No. 1) Pursuant to Fed. R. Civ. P. 12(B)(6)*. **Docket No. 24.** Therein, Steri-Tech highlighted the shortcomings of Plaintiffs' Complaint, how Plaintiff's extremely limited and conclusory factual allegations *do not* satisfy the required elements to support the allegations and causes of action sounding in tort under Puerto Rico law and how these allegations are based on pure speculation, *not facts*. In particular, Steri-Tech argues that Plaintiff (i) does not include any factual allegation linking EtO with her health diagnostics, much less establishing any causal nexus with Steri-Tech (or any defendant); (ii) Plaintiff's allegations, as pled, do not exclude plausible parallel reasons for Plaintiff's purported health diagnosis not attributable to Steri-Tech (or any defendant): other health, habitual, and genetic factors that pre-dispose or caused Plaintiff the health diagnostics she has received. In sum, Steri-Tech argues that the *Complaint* lacks sufficient factual allegations to state a claim for relief that is plausible on its face because based on the allegations, it cannot plausibly be said that Plaintiff suffered any damage because of any action or omission of Steri-Tech (or any defendant). Accordingly, Steri-Tech argues that the *Complaint* fails as a matter of law and thus should be dismissed under Fed. R. Civ. P. 12(b)(6). In the alternative, if this Court were to find that the *Complaint* meets the plausibility standard as to the claims against Steri-Tech (or any other defendant), Steri-Tech requests the Court to still dismiss the *Complaint* as time-

Case 3:25-cv-01056-CVR    Document 25    Filed 05/15/25    Page 3 of 5

**Motion for Joinder to** *Balchem, Corp. Motion to Dismiss*…**(Docket No. 19)**
<u>García Rivera v. Balchem, Corp., et al.</u>
Case No. 3:25-cv-01056-CVR
Page **3** of **5**

barred. In view of the foregoing, Steri-Tech underscores its plea for this Court to grant its Motion to Dismiss.

Pursuant to Fed. R. Civ. P. 10(c) and L. Civ. R. 7(f), for the sake of judicial economy and to avoid needless repetition of briefing, Steri-Tech hereby joins and incorporates by reference, as if argued herein, the arguments, citations, and prayers for relief made in Balchem's Motion to Dismiss, particularly the Introduction and Sections I(A), I(B), I(D), I(E), I(H), I(I), and I(J). That is, Steri-Tech joins and incorporates by reference the arguments asserted by Balchem in the following sections of its Motion to Dismiss: Section I(A) (**Docket No. 19**, pp. 7-12), titled "Plaintiff's Design Defect Claims Should be Dismissed; Section I(B) titled "Plaintiff's Failure to Warn Claim Should be Dismissed" (<u>id.</u>, pp. 13-16); Section I(D) titled "Plaintiff's Private Nuisance Claim Should Be Dismissed" (<u>id.</u>, p. 19); Section I(E) titled "Plaintiff's Ultrahazardous Activity Claim Should Be Dismissed" (<u>id.</u>, p. 20); Section I(H) titled "Plaintiff's Restitution Claim Should Be Dismissed" (<u>id.</u>, p. 22); Section I(I) titled "Plaintiff's Claims Are Time-Barred" (<u>id.</u>, pp. 22-24); and Section I(J) titled "Plaintiff's Punitive Damages Claim Should Be Dismissed" (<u>id.</u>, p. 24). These arguments of the Motion to Dismiss are readily transferrable to Steri-Tech's instant motion for the following reasons.

*First,* with respect to the arguments of Section I(A) of Balchem's Motion to Dismiss, Steri-Tech submits that Plaintiff's design defect claims should be dismissed because Plaintiff does not plausibly allege that design defects in EtO could have proximately caused Plaintiff's injuries, and these claims fail to satisfy the plausibility standard, do not submit sufficient factual heft, and are mere conclusions that do not specify which defendant committed the alleged acts or omissions sounding in tort.

*Second*, as to Sections I(B), I(D), I(E), and I(H) of Balchem's Motion to Dismiss, Plaintiff

Case 3:25-cv-01056-CVR   Document 25   Filed 05/15/25   Page 4 of 5

**Motion for Joinder to *Balchem, Corp. Motion to Dismiss*…(Docket No. 19)**
<u>García Rivera v. Balchem, Corp., et al.</u>
Case No. 3:25-cv-01056-CVR
Page **4** of **5**

similarly fails to include factual support to invoke such allegations and causes of actions. Hence, Plaintiffs did not submit sufficient factual allegations as to Steri-Tech (or any specific defendant) and simply launch generic accusations against the "Defendants."

*Third*, with respect to Section I(I) of Balchem's Motion to Dismiss titled "Plaintiff's Claims Are Time-Barred" (<u>id.</u>, pp. 22-24), Plaintiff's claims are hopelessly late per the grounds stated by Balchem, as they are time barred by Puerto Rico's one year statute of limitations for tort claims. Such arguments are readily transferrable and applicable as to the claims against Steri-Tech.

Lastly, regarding Section I(J) of Balchem's Motion to Dismiss titled "Plaintiff's Punitive Damages Claim Should Be Dismissed" (<u>id.</u>, p. 24), Plaintiff's claims are also unwarranted and should be dismissed for the same grounds stated by Balchem. Plainly, punitive damages are not available to Plaintiff's claims predicated in the Puerto Rico Civil Code of 1930. Such arguments are readily transferrable and applicable as to the claims against Steri-Tech.

**WHEREFORE**, codefendant Steri-Tech respectfully requests that this Honorable Court take notice of its joinder to Balchem's *Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6)* (**Docket No. 19**), specifically the Introduction and Sections I(A), I(B), I(D), I(E), I(H), I(I), and I(J), as if fully argued herein, in the request for dismissal of the *Complaint* (**Docket No. 1**).

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 15th day of May, 2025.

Case 3:25-cv-01056-CVR     Document 25     Filed 05/15/25     Page 5 of 5

**Motion for Joinder to** *Balchem, Corp. Motion to Dismiss*…**(Docket No. 19)**
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page **5** of **5**

*Counsel for Steri-Tech, Inc.:*

# Ferraiuoli

P.O. Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com