IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SHEILA M. GARCÍA RIVERA**, <br><br> Plaintiff, <br><br> v. <br><br> **BALCHEM CORP.; STERI-TECH, INC.**, <br><br> Defendants. | Case No. 3:25-cv-01056-CVR |

**MOTION TO DISMISS THE *AMENDED COMPLAINT* (ECF NO. 33) PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**TO THE HONORABLE COURT:**

**COMES NOW** codefendant **Steri-Tech, Inc.** ("Steri-Tech"), *by special appearance and without submitting to the jurisdiction or venue of this Court nor waiving any defense*, through the undersigned counsel, and files this motion to dismiss the *Amended Complaint* (**ECF No. 33**) pursuant to Fed. R. Civ. P. 12(b)(6), and as grounds therefore states and requests as follows:

**I.      INTRODUCTION**

On January 31, 2025, plaintiff Sheila M. García Rivera ("Ms. García" or "Plaintiff"), filed a *Complaint* against Balchem Corporation ("Balchem"), Mays Chemical Company of Puerto Rico, Inc. ("Mays"), and Steri-Tech. See **ECF No. 1**. In the same, Plaintiff alleged, in conclusory fashion, that "Defendants' EtO [Ethylene Oxide "EtO"] sterilization process did not comply with safe and prudent methods of EtO sterilization," and that Steri-Tech "[…] subjected Ms. García [] to unhealthy and dangerous levels of EtO in order to increase profits and/or cut costs." Id., p. 8, ¶¶ 32-33. While lacking the necessary factual heft to bring a plausible claim against Steri-Tech (or any other defendant), Plaintiff asserted eleven (11) causes of action, to wit: (i) Violation of Clean Air Act, 42 U.S.C. § 7604 ("CAA"); (ii) Negligence; (iii) Strict Liability for Ultrahazardous Activity; (iv) Strict Liability for Failure to Warn or Instruct, P.R. Laws Ann. tit. 31 §5141; (v)

Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)
<u>García Rivera v. Balchem, Corp.</u>, *et al.*
Case No. 3:25-cv-01056-CVR
Page 2 of 20

Strict Liability for Design Defect, P.R. Laws Ann. tit. 31 § 5141; (vi) Negligent Design Defect, P.R. Laws Ann. tit. 31 § 5141; (vii) Battery; (viii) Private Nuisance, P.R. Laws Ann. tit. 32 § 2761; (ix) Trespass; (x) Restitution – Unjust Enrichment; and, (xi) Punitive Damages, P.R. Laws Ann. tit. 31 § 10803.

Instead of facing Defendants' respective dispositive motions regarding the flawed *Complaint*, on June 12, 2025, Plaintiff filed an *Amended Complaint* against Balchem and Steri-Tech (collectively, where appropriate, "Defendants"), while dropping various causes of action[1] and Mays as a defendant. **ECF No. 33**. In the same, Plaintiff alleges, in conclusory fashion, that "Steri-Tech's EtO [Ethylene Oxide "EtO"] sterilization process – actively shaped by Balchem's recurring "product stewardships" trainings and operational guidance on EtO handling – did not comply with safe and prudent methods of EtO sterilization," and that Steri-Tech "[…] subjected Ms. García [ ] to unhealthy and dangerous levels of EtO in order to increase profits and/or cut costs." <u>Id</u>., pp. 10-11, ¶¶ 47-48. While lacking the necessary factual heft to bring a plausible claim against Steri-Tech (or any other defendant), Plaintiff asserts six (6) causes of action, to wit: (i) Negligence; (ii) Private Nuisance; (iii) Abnormally Dangerous Activity; (iv) Failure to Warn or Instruct; (v) Design Defect; and (vi) Violation of CAA under 42 U.S.C. § 7604.

However, the *Amended Complaint*, aside from being generic and conclusive,[2] is devoid of

---

[1] Plaintiff eliminated Mays as codefendant and the following causes of action: (i) Count VI for Negligent Design Defect pursuant to P.R. Laws Ann. tit. 31 § 5141; (ii) Count VII for Battery; (iii) Count IX for Trespass; (iv) Count X for Restitution and Unjust Enrichment; and, (v) Count XI for Punitive Damages under P.R. Laws Ann. tit. 31 § 10803.
[2] Although Plaintiff alleges that, "[a]s a direct and proximate result of Defendant's negligence, Ms. García [] was exposed for decades to hazardous concentrations of EtO—levels far exceeding health-protective thresholds, including those set by the U.S. EPA," and that "[t]his prolonged, repeated and ongoing exposure caused Ms. García [] to develop breast cancer and created a substantial risk of additional long-term health complications." See **ECF No. 33**, p. 26, ¶¶ 106-107. Additionally, Plaintiff alleges that "As a result, Ms. García [] has suffered physical injury, emotional distress and incurred medical expenses, and will continue to require ongoing medical monitoring and treatment due to her significant exposure to EtO", among other conclusive claims, the truth is that **no** specific facts were advanced to assert a plausible claim, including causation, against Steri-Tech (or any other defendant). See **ECF No. 33**, p. 26, ¶ 108.

Case 3:25-cv-01056-CVR    Document 40    Filed 07/24/25    Page 3 of 20

**Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 3 of 20

factual allegations to plausibly plead said causes of action. On the scarce facts alleged against the Defendants, negligence **_cannot_** even be inferred, if that were the pleading standard. Even if accepting as true the limited well-pleaded facts and drawing all reasonable inferences in Plaintiff's favor, the *Amended Complaint* is insufficient and does not pass muster under the plausibility standard of Iqbal and Twombly. For such reasons and those argued below, Steri-Tech hereby moves to dismiss the *Amended Complaint* under Fed. R. Civ. P. 12(b)(6).

Plaintiff's extremely limited and conclusory factual allegations **_do not_** satisfy the required elements to support the allegations and causes of action sounding in tort under Puerto Rico law. Plainly, such allegations and causes of action are based on pure speculation, **_not facts_**. Plaintiff **_does not_** include any factual allegation **_linking_** EtO with her health diagnostics, much less establishing **_any causal nexus_** with Steri-Tech. What is worse, the allegations, as pled, do not exclude plausible parallel reasons for Plaintiff's purported health diagnosis not attributable to Steri-Tech: other health, habitual, and genetic factors that pre-dispose or caused Plaintiff the health diagnostics she has received. Plainly, the *Amended Complaint* lacks sufficient factual allegations to state a claim for relief that is plausible on its face. When considering the purported factual allegations, it cannot plausibly be said that Plaintiff suffered any damages because of any action or omission of Steri-Tech. This becomes even more apparent when considering that Plaintiff's allegations are **mere conclusions** that do not specify which defendant committed the alleged negligent act(s) or which is responsible for the claims included in the *Amended Complaint*. Accordingly, the *Amended Complaint* fails as a matter of law and thus should be dismissed under Fed. R. Civ. P. 12(b)(6).

In the alternative, if this Court were to find that the *Amended Complaint* meets the plausibility standard as to the claims against Steri-Tech, the Court should still dismiss the *Amended*

Case 3:25-cv-01056-CVR   Document 40   Filed 07/24/25   Page 4 of 20

**Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)**
<u>García Rivera v. Balchem, Corp.</u>, *et al.*
Case No. 3:25-cv-01056-CVR
Page 4 of 20

*Complaint* as time-barred.

Lastly, Plaintiff's CAA claim should be dismissed as premature or, otherwise, the Court should stay the proceedings as to such claim under the CAA.

## II.     APPLICABLE LEGAL FRAMEWORK

### A.     Fed. R. Civ. P. 12(b)(6)

To state a claim upon which a relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain plausible "short plain" statements of the plaintiff's claims, showing that the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2); <u>Skinner v. Switzer</u>, 562 U.S. 521, 131 S. Ct. 1289, 1296, 179 L. Ed 2d. 233 (2011). Although Rule 8(a)(2) does not explicitly require detailed factual allegations, "the complaint must set forth sufficient facts to state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. C.t. 1955, 167 L. Ed. 2d. 929 (2007)). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u>; <u>Guardarrama v. Municipality of Aguas Buenas</u>, Civil No. 10-2254 (JAG), 2012 WL 1669413 *2 (D.P.R. May 11, 2012).

To measure the legal sufficiency of a complaint under Rule 12(b)(6), this Court has adopted the two-step process based on the "plausibility" standard established by the Supreme Court. <u>Burk v. Paulen</u>, Civil No. 14-1557 (GAG), 2015 WL 1578704 *4 (D.P.R. April 9, 2015) (citing <u>Schatz v. Republican State Leadership Comm.</u>, 669 F. 3d 50, 55 (1st Cir. 2012); <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F. 3d 1, 12 (1st Cir. 2011) (discussing <u>Iqbal</u> and <u>Twombly</u>)).

*First*, this Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause of action elements." <u>Burk</u>, 2015 WL 1578704 *4 (citing <u>Schatz</u>, 669 F. 3d at 55). Hence, "[a] complaint does not need detailed factual allegations,

Case 3:25-cv-01056-CVR   Document 40   Filed 07/24/25   Page 5 of 20

Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 5 of 20

but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. While the Supreme Court recognized in Iqbal that "legal conclusions can provide the framework of a complaint," it underscored that a valid pleading must contain "more than unadorned, the defendant unlawfully-harmed-me accusation." Méndez Internet Mgmt. Servs. v. The Bankers Ass'n. of P.R., Civil No. 09-1667 (FAB), 2011 WL 336247 *4 (D.P.R. Feb. 3, 2011) (quoting Iqbal, 129 S. Ct. at 1949).

*Second*, this Court must also "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief."[3] Burk, 2015 WL 1578704 *4; Nieves v. Schatz, Civil No. 09-2297 (JAG), 2012 WL 3075557 *2 (D.P.R. July 29, 2012); Citibank v. R2 Advertising, Inc., Civil. No. 11-1599 (JAG), 2012 WL 2835492 *1 (D.P.R. July 9, 2012).

The Supreme Court clearly decided in Iqbal that the guidelines of its earlier decision in Twombly applied "to all civil actions," regardless of the subject matter. Iqbal, 556 U.S. at 684. Accordingly, this Court should follow the standard established in Iqbal and require that Plaintiff's *Amended Complaint* go beyond mere conclusions by including factual allegations sufficient to show plausible claims, particularly negligence, under Puerto Rico law.

For the following reasons, this Court should grant this motion, as the *Amended Complaint* fails to state a plausible claim against Steri-Tech. Alternatively, if the Court were to find that the *Amended Complaint* meets the plausibility standard, the same should be dismissed as time-barred. Finally, the CAA claim should be dismissed as premature or, otherwise, the Court should stay the

---

[3] This Court has explained that "[p]lausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense." Burk, 2015 WL 1578704 *4 (citing Schatz, 669 F. 3d at 55). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the necessary element. Id. (citing Twombly).

Case 3:25-cv-01056-CVR   Document 40   Filed 07/24/25   Page 6 of 20

**Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 6 of 20

proceedings as to such claim under the CAA.

### III.   DISCUSSION AND ANALYSIS

In considering a motion to dismiss, this Court must accept as true the well-pleaded factual allegations and draw all reasonable inferences in favor of the Plaintiff. See Méndez, 2011 WL 336247 *3. Thus, the starting point when considering Plaintiff's claims is the *Amended Complaint* itself. Yet, Plaintiff fails to allege sufficient facts to put Steri-Tech on notice as to what it must defend and without giving the slightest hint of what facts support her claims and (i) the "compensatory damages, including medical expenses, pain and suffering, emotional distress;"[4] (ii) the "punitive damages to punish and deter Defendants' willful, wanton, or reckless negligence and conduct;"[5] and (iii) costs for medical monitoring due to the increased risk of future health complications."[6] The *Amended Complaint* therefore falls woefully short of the minimum pleading standards required by Iqbal and Twombly.

Moreover, after Iqbal, Plaintiff cannot get away with a *Amended Complaint* that provides merely a "formulaic recitation of [some of] the elements of a cause of action" or "labels and conclusions" which is how Plaintiff chose to plead in the *Amended Complaint*. As Steri-Tech will show, Plaintiff's claims are legally insufficient and therefore, this Court should dismiss the *Amended Complaint*. Alternatively, should this Court find that the *Amended Complaint* meets the plausibility standard, the same should be dismissed because it is time-barred. Lastly, Plaintiff's CAA claim should be dismissed as premature or, otherwise, the Court should stay the proceedings as to such claim under the CAA.

---

[4] See **ECF No. 33**, p. 37, ¶ 1.
[5] Id., ¶ 2.
[6] Id., ¶ 3.

Case 3:25-cv-01056-CVR     Document 40     Filed 07/24/25     Page 7 of 20

Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 7 of 20

      **A.**    **The *Amended Complaint* (ECF No. 33) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).**

As a threshold matter, Plaintiff brings suit under allegations and causes of action sounding in tort. However, Plaintiff fails to include factual support to invoke such allegations and causes of action against Steri-Tech. Additionally, Plaintiff did not even submit sufficient factual allegations for each individual defendant and simply launches generic accusations against the "Defendants." Based on the insufficient allegations of the *Amended Complaint*, Plaintiff seeks damages under Puerto Rico law and other reliefs, including but not limited to P.R. Laws Ann. tit. 31 § 5141 and P.R. Laws Ann. tit. 32 § 2761. Reading the *Amended Complaint* in the light most favorable to Plaintiff, this Court should find that Plaintiff **<u>has not</u>** sufficiently pled her claims sounding in tort under Puerto Rico law.

To survive a motion to dismiss under Rule (12)(b)(6), Plaintiff needed to set forth in the *Amended Complaint* plausible claims and causes of actions sounding in tort under Puerto Rico's general tort law statute, Article 1802 of the Puerto Rico Civil Code of 1930, P.R. Laws Ann. tit. 31 § 5141,[7] which imposes tort liability on any person who, by act or omission, causes damages to another through fault or negligence. To establish negligence, "a plaintiff must show: (1) defendant

---

[7] According to Article 1815 of the Puerto Rico Civil Code of 2020, P.R. Laws Ann. tit. 31 § 11720, "Noncontractual liability, both as to its extent and its nature, is determined by the law in effect at the time of the occurrence of the act or omission giving rise to such liability. If certain acts or omissions occurred prior to the effective date of this Code and others occurred afterwards, the liability is governed by the previous legislation." (English translation ours). The Spanish text of said article reads: "La responsabilidad extracontractual, tanto en su extensión como su naturaleza, se determina por la ley vigente en el momento en que ocurrió el acto u omisión que da lugar a dicha responsabilidad. Si unos actos u omisiones ocurrieron antes de la vigencia de este Código y otros ocurrieron después, la responsabilidad se rige por la legislación anterior"). It is alleged in the *Amended Complaint* that (i) Ms. García "has continuously resided within the toxic emissions exposure zone of the Facility—initially within 1000 feet from 1986 to 2012, and subsequently within one mile from 2012 to the present," and "[s]he was diagnosed with breast cancer in 2019." See **ECF No. 33**, p. 2, ¶ 4. Moreover, it is alleged that "[f]or decades, Defendants —including Balchem, through its provision of EtO and its training on its handling— have caused, contributed to, and perpetuated the release of substantial quantities of EtO from the Steri-Tech Facility into the surrounding Salinas community […]." Id., p. 3 ¶ 11. Hence, the *Amended Complaint* purports to imply allegations sounding in tort that both predate and postdate the Puerto Rico Civil Code of 2020. Therefore, pursuant to Article 1815, *ante*, the provisions of the former Puerto Rico Civil Code of 1930 apply to the instant case.

Case 3:25-cv-01056-CVR   Document 40   Filed 07/24/25   Page 8 of 20

**Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 8 of 20

owed a duty to plaintiff; (2) defendant breached that duty (i.e. defendant was negligent); (3) plaintiff suffered injury; and (4) a sufficient causal nexus between defendant's breach of the duty of care and plaintiff's injury (i.e. proximate causation)." Cedeno Nieves, 2017 WL 1490441 *4 (citing Nieves-Romero v. United States, 715 F. 3d 375, 378-79 (1st Cir. 2013)).

The *Amended Complaint*, however, lacks the necessary factual allegations to establish a valid negligence claim that is plausible on its face.

First and foremost, in many allegations of the *Amended Complaint*, Plaintiff refers to the "Defendants" collectively without asserting the specific act or omission of each of defendant, including Steri-Tech. Particularly, Counts I, II, and III, do not identify which defendant took the actions identified therein or when these actions took place. As such, the *Amended Complaint* should be dismissed under Rule 12(b)(6) because it improperly lumps all the Defendants together, rendering it impossible to determine which defendant made the alleged action, and when such action was allegedly taken. See González-Camacho v. Banco Popular de Puerto Rico, 318 F. Supp. 3d 461, 502 (D.P.R. 2018) (dismissing claims under Rule 12(b)(6) because Plaintiffs lumped together conclusory allegations against all defendants, which failed to meet pleading standards under Rule 8(a)); see also Saad Maura v. Scotiabank Puerto Rico, Civil No. 17-2263 (DRD), 2019 WL 13205043 *20 (D.P.R. Sept. 30, 2019) (noting that the Plaintiffs grouping all of Defendants together in the complaint fail Iqbal and Twombly pleading standards). The vagueness of the *Amended Complaint*, for instance under Counts I, II, and III, renders it difficult for Steri-Tech to respond. Jiménez-Tapia v. Santander Bank PR, 257 F. Supp. 3d 193, 197 (D.P.R. 2017) (granting motion to dismiss for failure to state a claim because the "pleadings are so vague and conclusory"); Cintrón-Luna v. Roman-Bultron, 668 F. Supp. 2d 315, 318 (D.P.R. 2009) (dismissing a complaint with prejudice under Rule 12(b)(6) because "the complaint is so confused, ambiguous, vague, or

Case 3:25-cv-01056-CVR    Document 40    Filed 07/24/25    Page 9 of 20

Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 9 of 20

otherwise unintelligible").

For Count I, Plaintiff alleges that "[a]s direct and proximate result of Defendants' negligence, Ms. García [] was exposed for decades to hazardous concentrations of EtO…" and that "[t]his prolonged, repeated and ongoing exposure caused Ms. García [] to develop breast cancer and created a substantial risk of additional long-term health complications." See **ECF No. 33**, ¶¶ 106-107. In Count II, Plaintiff alleges that "Defendants' conduct has caused serious injury to Ms. García []'s health and has interfered with the comfortable enjoyment of her life", and that "[a]s a result of the private nuisance caused by Defendants, Plaintiff has suffered physical and emotional injury, medical expenses, property damage, and a reduced quality of life". Id., pp. 27-28, ¶¶ 111, 117. As for Count III, Plaintiff alleges that "[w]hile the activities conducted by Defendants are exceedingly dangerous, they offer comparatively little value to the surrounding community" Id., p. 29, ¶ 126. Additionally, Plaintiff alleges that "[b]ecause the alleged EtO-related activities of Defendants are abnormally dangerous, they are strictly liable for any injuries proximately resulting therefrom." Id., p. 29, ¶ 127. Ultimately, Plaintiff alleges that "[a]s a direct and proximate result of Defendants' abnormally dangerous actions regarding EtO, Plaintiff has been exposed to a dangerous amount of EtO while living in the impacted community." Id., ¶ 128.

However, in these allegations and causes of action, Plaintiff fail to identify a proximate cause or nexus between Steri-Tech's purported breach of the alleged duty of care and Plaintiff's injury, that is, the illnesses suffered by Plaintiff, such as breast cancer, "which has exacerbated her injuries and placed her at an increased risk of developing other injuries scientifically linked to EtO exposure."[8] As such, Plaintiff failed to allege sufficient factual heft regarding the purported negligence and damages suffered for this Court to draw a reasonable inference of her claims.

---

[8] Id., p. 21, ¶ 92.

**Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 10 of 20

For example, Plaintiff claims that the "Defendants' actions and omissions were reckless, demonstrating a callous disregard for public safety" and that "[t]heir conduct constitutes negligence, and they are liable for the injuries and damages suffered by Ms. García []." See **ECF No. 33**, p. 21, ¶ 89. However, these claims are devoid of sufficient factual allegations to establish each defendant's responsibility, if any, which Steri-Tech denies, in relation to Plaintiff's health diagnostic. The same can be said of all allegations in the six (6) causes of actions of the *Amended Complaint*. In reality, Plaintiff utterly fails to include sufficient facts to plead a causal nexus between any of the defendant's breach of the duty of care under all six (6) causes of actions and Plaintiff's purported injuries. Such naked assertions are bereft of any factual content and thus, this Court need not accept them as true legal conclusions for purposes of the analysis. Guardarrama, 2012 WL 1669413 *2.

More importantly, "case law does not support an automatic conclusion of negligence from the mere occurrence of an [incident]." Fedelich v. Am. Airlines, 724 F. Supp. 2d 274, 281 (D.P.R. 2010). Plaintiff ***does not*** allege or specify any legal theory of negligence (much less the required criteria for strict product liability) or breach of any duty against Steri-Tech specifically. Hence, Plaintiff's pleading does not advance facts to support a negligence theory against Steri-Tech. Plaintiff's limited allegations ***do not*** identify if EtO was found in her body or a doctor's diagnostic that includes EtO as a factor of the diagnosed health condition. Thus, Plaintiff's pleading also fails to submit facts to support a theory of causation, meaning that any negligence by Steri-Tech caused the alleged injuries. Consequently, there can be ***no*** causal nexus to support a negligence claim against Steri-Tech.

Aside from the pleadings being conclusory and woefully insufficient to meet the plausibility standard under P.R. Laws Ann. tit. 31 § 5141, this Court must not overlook the fact

Case 3:25-cv-01056-CVR    Document 40    Filed 07/24/25    Page 11 of 20

Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 11 of 20

that pursuant to P.R. Laws Ann. tit. 31 § 10807, "[p]eople who sell in the flow of commerce a product" are the ones that are solely responsible for the damages caused by a product that "by its design or manufacture is unreasonable dangerous." Plaintiff does not allege, because she cannot, that Steri-Tech sells in the flow of commerce "EtO and EtO-containing products." Hence, Steri-Tech is not responsible for the injuries and remedies claimed under Counts IV (Failure to Warn or Instruct) and V (Design Defect), and they should be dismissed in favor of Steri-Tech.

As to Count II for private nuisance "[a]gainst Each Defendant Individually and Collectively",[9] pursuant to P.R. Laws Ann. tit. 32 § 2761, Plaintiff once again does not meet the plausibility standard of Iqbal and Twombly. For instance, Plaintiff pleads that "Defendants' conduct has caused serious injury to Ms. García []'s health and has interfered with the comfortable enjoyment of her life." **ECF No. 33**, p. 27, ¶ 111. Additionally, Plaintiff alleges that "Defendants' conduct was a substantial factor in causing Plaintiff to have to incur these costs and suffer these damages" and that, "[a]s a result of the private nuisance caused by Defendants, Plaintiff has suffered physical and emotional injury, medical expenses, property damage, and a reduced quality of life." Id., p. 28 ¶¶ 115, 117. However, if this Court isolates and ignores the averments in the *Amended Complaint* that simply rehash the elements of the cause of action, which consist of mere conclusions, like the aforementioned allegations, it will judiciously conclude that the *Amended Complaint* does not suffice and fail to meet the plausibility standard. As such, Count II fails to meet the plausibility standard and thus, is insufficient as a matter of law.

For these reasons, the *Amended Complaint* does not meet the pleading standards imposed by Iqbal and Twombly and should be dismissed. Nowhere in the *Amended Complaint* does the Plaintiff plausibly show, let alone with facts, that her alleged injuries are attributable to EtO

---

[9] **ECF No. 33**, p. 26.

Case 3:25-cv-01056-CVR   Document 40   Filed 07/24/25   Page 12 of 20

Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 12 of 20

emissions at all, much less attributable to Steri-Tech's conduct, since speculation does not satisfy the plausibility standards. Thus, the *Amended Complaint* should be dismissed under Rule 12(b)(6).

### B. Alternatively, if this Court were to find that the *Amended Complaint* meets the plausibility standard, the same should be dismissed as time barred.

If the *Amended Complaint* is not dismissed for failing to meet the plausibility standard, in the alternative, the *Amended Complaint* leaves no doubt that Plaintiff's allegations and causes of action sounding in tort are time-barred, since the same were undoubtedly filed after the 1-year limitations period had elapsed. Ocaso, S.A., Compañía de Seguros y Reaseguros v. Puerto Rico Mar. Shipping Auth., 915 F. Supp. 1244, 1258 (D.P.R. 1996) (the applicable statute of limitations to the claim for damages is one (1) year as provided for actions sounding in tort as set forth in P.R. Laws Ann. tit. 31 § 5298). Thus, the *Amended Complaint* should be dismissed as time barred.

As indicated, Plaintiff brings claims and causes of action sounding in tort under Puerto Rico law. Article 1868 of the Puerto Rico Civil Code of 1930, P.R. Laws Ann. tit. 31 § 5298, sets forth the statute of limitations applicable to actions based on fault or negligence under Article 1802 of the Puerto Rico Civil Code of 1930, *ante*.[10] Matos Ortíz v. Commonwealth of Puerto Rico, 103 F. Supp. 2d 59, 63 (D.P.R. 2000). Puerto Rico law establishes a one-year limitations period for such actions from the time the aggrieved person had knowledge of the injury and could exercise his right. P.R. Laws Ann. tit. 31 §§5298, 5299; Riley v. Rodríguez Pacheco, 119 D.P.R. 762, 775, 19 P.R. Offic. Trans. 806 (1987); Colón Prieto v. Geigel, 115 D.P.R. 232, 244-47, 15 P.R. Offic. Trans. 313, 327-31 (1984).

---

[10] Article 1868 reads as follows:
    The following prescribe in one (1) year:
    (1) Actions to recover or retain possession.
    (2) Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof.

Case 3:25-cv-01056-CVR    Document 40    Filed 07/24/25    Page 13 of 20

Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 13 of 20

When the Plaintiff's allegations leave no doubt that an asserted claim is time-barred, then that fact may properly be raised in a motion to dismiss. LaChapelle v. Berkshire Life Ins. Co., 142 F. 3d 507, 509 (1st Cir. 1998) ("In the case of the affirmative defense of statute of limitations, **dismissal is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time barred**.") (Emphasis added); see also Street v. Vose, 936 F. 2d 38, 39 (1st Cir.1991); Kali Seafood Inc. v. Howe Corp., 887 F. 2d 7, 9 (1st Cir. 1989); Estate of Alicano-Ayala v. Philip Morris, Inc., 263 F. Supp. 2d 311, 315 (D.P.R. 2003).

In this case, Plaintiff filed the *Amended Complaint* seeking the following remedies:

a. Compensatory damages, including medical expenses, pain and suffering, emotional distress;
b. Punitive damages to punish and deter Defendants' willful, wanton, or reckless negligence and conduct;
a. Costs for medical monitoring due to the increased risk of future health complications;
b. Injunctive relief;
c. Declaratory judgment;
d. Attorneys' fees and costs as permitted by law;
e. Pre-judgment and post-judgment interest; and
f. Such other and further relief as this Court may deem just and proper.

**ECF No. 33**, p. 37, ¶¶ 1-8. These are the remedies sought by Plaintiff for her only alleged present injury: "damages on Ms. Rivera's behalf, and compensation for medical expenses and other harms suffered due to her prolonged exposure to EtO emissions" Id., at p. 2, ¶ 5.

Particularly, Plaintiff fails to include any factual allegation to sustain that the *Amended Complaint* was filed within the 1-year limitations period for actions sounding in tort, which apply to all of her allegations and causes of action. Per the *Amended Complaint*, (i) Ms. García was diagnosed with breast cancer in **2019**. Id., p. 2 ¶ 4. Hence, the health diagnosis allegedly occurred in **2019**, that is, **six (6) years prior to filing the *Complaint*** (id.), and the original *Complaint* was filed on January 31, 2025, which was later amended on June 12, 2025, without any allegation of tolling the applicable limitations period. As for the alleged Notice of Intent to Sue sent by Plaintiff

Case 3:25-cv-01056-CVR    Document 40    Filed 07/24/25    Page 14 of 20

Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 14 of 20

to Steri-Tech, Plaintiff alleges that the same was sent on October 29, 2024, that is, **_five (5) years after the diagnosis in 2019_**, which is beyond the 1-year limitations period.

It is axiomatic that "[t]he weight of state and federal case law indicate that a medical diagnosis generally puts a plaintiff on constructive notice of her cause of action, thereby starting the prescriptive period." Joseph v. Evonik Corp., Civil No. 22-1530, 2022 WL 16712888 *4 (E.D. La. Nov. 4, 2022) (citing Brown v. R.J. Reynolds Tobacco Co., 52 F. 3d 524, 527 (5th Cir. 1995) ("[C]ontra non valentem will suspend the running of the prescriptive period until the claimant knows or should reasonably know that he has suffered damages.... With a latent disease, this is usually upon diagnosis." (internal citations omitted))); see also Benítez-Pons v. Commonwealth of Puerto Rico, 136 F. 3d 54, 59 (1st Cir. 1998) ("[t]he one year period begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury.").

Therefore, assuming that the date of the health diagnosis[11] in **_2019_** triggers the 1-year limitations period, Ms. García had **_until 2020_** to file her claim, but the same was brought before this Court many years later on January 31, 2025. Consequently, from the facts alleged in the *Amended Complaint*, it is evident that her claims are time-barred.

Additionally, Plaintiff alleges that "[i]t wasn't until after the EPA hosted a Community Meeting on August 30th, 2022, with the Residents of Salinas to share information about health risks from the EtO chemicals being emitted from Steri-Tech facilities, that Steri-Tech management ordered for these windows to remain closed." **ECF No. 33**, p. 46, ¶ 22. However, **this allegation further proves that Plaintiff's claims are time-barred**. If Plaintiff became aware about the

---

[11] The case of Fortado v. Evonik Corporation, Civil No. 22-1518, 2022 WL 4448230 (E.D.LA. Sept. 23, 2022), exemplifies the importance of the date of diagnosis in relation to the limitations period. In Fortado, the Court determined that the date of diagnosis was important, since "the question is whether, in light of plaintiff's own information and the diagnoses he received, the plaintiff was reasonable to delay in filing suit." Id., at *6; see also Joseph, 2022 WL 16712888 *2-7 (plaintiff's failure to investigate the cause of her diagnosis more than ten years before she filed suit was unreasonable and precluded the application of *contra non valentem* ("discovery rule")).

Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 15 of 20

health risks from the EtO chemicals being emitted from Steri-Tech facilities on **August 30, 2022**, then Plaintiff – once having proof that the diagnosis was directly related to this (which has not been properly alleged and Steri-Tech denies) – **Plaintiff had until August 30, 2023, to file suit**. Yet, Plaintiff waited years to file the original *Complaint* in January of 2025, without tolling.

Puerto Rico's one-year statute of limitations "for general tort claims" bars her claims. Torres v. Hosp. San Cristobal, 831 F. Supp. 2d 540, 543-44 (D.P.R. 2011); P.R. Laws Ann. tit. 31, § 5298. "[W]hen a tort claim is filed more than one year after the injury was caused, the plaintiff bears the burden of proving the timeliness of his claim as well as the lack of knowledge to assert it within the statutory period." Torres, 831 F. Supp. 2d at 544. "[A] plaintiff will be deemed to have 'knowledge' of the injury, for purposes of the statute of limitations, **when she [he] has 'notice of the injury, plus notice of the person who caused it**.'" Bado-Santana v. Ford Motor Co., 283 F. Supp. 2d 520, 527 (D.P.R. 2003) (citation omitted). "[T]he plaintiff need not 'know the exact name of the tortfeasor' to satisfy the requirement of knowledge of the person who caused the injury." Kaiser v. Armstrong World Indus., Inc., 678 F. Supp. 29, 31 (D.P.R. 1987) (citation omitted), aff'd, 872 F.2d 512 (1st Cir. 1989).

If Plaintiff was put on notice by EPA's public meeting, as alleged by Plaintiff in the *Amended Complaint,* then Plaintiff's claims should be dismissed for failure to file within Puerto Rico's strict one-year deadline for tort claims. Accordingly, Plaintiff's tort claims are years late and thus, should be dismissed under Rule 12(b)(6).

      C.      **Plaintiff's CAA claim should be dismissed as premature or, otherwise, the Court should stay the proceedings as to such claim under the CAA.**

In Count VI, Plaintiff alleges that Steri-Tech violated the CAA pursuant to 42 U.S.C. § 7604. **ECF No. 33**, pp. 18-20, ¶¶ 80-86, pp. 35-37, ¶¶ 161-167. Specifically, Plaintiff alleges that "[d]espite being subject to strict regulations under the National Emission Standards for Hazardous

Case 3:25-cv-01056-CVR   Document 40   Filed 07/24/25   Page 16 of 20

Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 16 of 20

Air Pollutants (NESHAP) for Sterilization Facilities (40 C.F.R. Part 63, Subpart O), Steri-Tech has consistently violated CAA standards", referring to the matter of Steri-Tech *Compliance Administrative Order*, Docket No. CAA-02-2024-1001. Id., p. 19, ¶ 81, fn. 17. Additionally, Plaintiff alleges the following:

> Defendant Steri-Tech has violated, and continues to violate, the CAA by failing to comply with the following regulatory requirements:
>
> a. Failing to maintain the required minimum operating temperatures of 1,521°F for its thermal oxidizer to ensure a 99% destruction efficiency of EtO, as required by 40 C.F.R. § 63.362(c), 63.363(a)(1), and 63.363(b)(3), and Section 112 of the CAA. EPA inspections revealed oxidizer temperatures consistently below the required threshold, allowing excessive EtO emissions.
>
> b. Failing to comply with continuous monitoring and reporting requirements for the thermal oxidizer as mandated by 40 C.F.R. §§ 63.363(f), 63.364(c), and Section 112 of the CAA. Defendant did not install or maintain appropriate monitoring equipment, resulting in inaccurate reporting of EtO emissions and failure to demonstrate ongoing compliance with emission standards.
>
> c. Failing to ensure that the newly installed Catalytic Recuperative Oxidizer (CRO) meets the 99.9% EtO destruction efficiency standard, in violation of both NESHAP requirements and the facility's operating permit. The CRO has experienced multiple operational failures, including explosions caused by exceeding EtO concentration limits.

Id., p. 36, ¶ 165.

However, Plaintiff's allegations under the CAA are **premature**. Specifically, any and all allegations related to the *Compliance Administrative Order*, Docket No. CAA-02-2024-1001, are premature because any finding under such case is not final and, therefore, not binding.

First, Plaintiff ***does not*** certify that the Environmental Protection Agency ("EPA") was notified before the original *Complaint* was filed. The CAA requires that "in situations involving commencement of citizen-suit action under [CAA] in the first instance, citizens must notify [the EPA] before commencing action that turns on alleged inadequacy or under-enforcement of consent

Case 3:25-cv-01056-CVR   Document 40   Filed 07/24/25   Page 17 of 20

**Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 17 of 20

decree proposed by and negotiated by EPA." CAA, § 304(b), 42 U.S.C.A. § 7604(b). Likewise, the CAA permits citizens to act "when [EPA] has "failed" to do so, but not when EPA has acted, though not aggressively enough in citizens' view." Id. Additionally, it is important to note that the CAA "primarily serves public, not private, interests, and citizens acting as private attorneys general to enforce CAA seek relief not on their own behalf, but on behalf of society as a whole; accordingly, personalized remedies are not a first priority of CAA". Ellis v. Gallatin Steel Co., 390 F. 3d 461 (6th Cir. 2004) (citing CAA, §§ 101, *et seq.*, 42 U.S.C.A. §§ 7401, *et seq.*).

In matters pertaining to Steri-Tech, the EPA issued a *Compliance Administrative Order*, Docket No. CAA-02-2024-1001. However, such order is under judicial review as Steri-Tech **appealed** the EPA's decision in the United States Court of Appeals for the First Circuit, No. 24-1072, process that is **still pending** since it was filed on April 29, 2025.

Nonetheless, in the *Amended Complaint*, Plaintiff alleges that "[d]espite being subject to strict regulations under the National Emission Standards for Hazardous Air Pollutants (NESHAP) for Sterilization Facilities (40 C.F.R. Part 63, Subpart O), Steri-Tech has consistently violated CAA standards." **ECF No. 33**, p. 19, ¶ 81. This allegation, as well as any allegation that relies on the EPA's *Compliance Administrative Order* that has been petitioned for appeal, is **premature** and warrants a dismissal or, otherwise, the stay of the proceedings is warranted with regards to the cause of action under the CAA because a resolution of the appeal related to Steri-Tech's compliance with EPA orders would alter the direction of the current proceedings.

As determined in Association of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008), "[a]lthough the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and

Case 3:25-cv-01056-CVR   Document 40   Filed 07/24/25   Page 18 of 20

**Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 18 of 20

for litigants." Filtrol Corp. v. Kelleher, 467 F. 2d 242, 244 (9th Cir. 1972) (quotations and citations omitted); Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F. 2d 1458, 1465 (9th Cir.1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, **pending resolution of independent proceedings which bear upon the case**."). Id. In the case of Association of Irritated Residents, the Court determined that "[h]ere, a resolution of the interlocutory appeal regarding the third cause of action in favor of Defendants would alter the direction of the current proceedings, and might prompt the filing of an amended complaint", therefore, the Court granted defendants' motion for a stay pending the resolution of the appeal because "[i]t would be a waste of judicial and party resources to proceed with the other claims while the appeal is pending". Id.

Considering the above, if this Court does not dismiss Plaintiff's claim as timed barred, alternatively, it should dismiss the CAA claims as premature because of the pending appeal in Case No. 24-1072. Certainly, the decision about Steri-Tech's alleged violation of the CAA standards is ***not*** final, therefore, ***not binding***, which ultimately makes Plaintiff's claims under the CAA ***premature***. Accordingly, the proceedings related to the CAA claim should be dismissed or, otherwise, the proceedings should be stayed as to the CAA claim.

    **D.**    **Joinder to Balchem's Motion to Dismiss (ECF No. 38)**

On July 21, 2025, codefendant Balchem filed a *Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6)* ("Motion to Dismiss"). **ECF No. 38**. Pursuant to Fed. R. Civ. P. 10(c) and L. Civ. R. 7(f), for the sake of judicial economy and to avoid needless repetition of briefing, Steri-Tech hereby advances that it joins and incorporates by reference, as if argued herein, the arguments, citations, and prayers for relief made in Balchem's Motion to Dismiss, particularly the Introduction and Sections I(A), I(B), I(D), I(E), I(F), and I(G). That is,

Case 3:25-cv-01056-CVR     Document 40     Filed 07/24/25     Page 19 of 20

**Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)**
<u>García Rivera v. Balchem, Corp., *et al.*</u>
Case No. 3:25-cv-01056-CVR
Page 19 of 20

Steri-Tech joins and incorporates by reference the arguments asserted by Balchem in the following sections of its Motion to Dismiss: Section I(A) (<u>id.</u>, pp. 6-12), titled "Plaintiff's Design Defect Claims Should be Dismissed; Section I(B) titled "Plaintiff's Failure to Warn Claim Should be Dismissed" (<u>id.</u>, pp. 12-18); Section I(D) titled "Plaintiff's Private Nuisance Claim Should Be Dismissed" (<u>id.</u>, pp. 21-23); Section I(E) titled "Plaintiff's Abnormally Dangerous Activity Claim Should Be Dismissed" (<u>id.</u>, p. 23); Section I(F) titled "Plaintiff's Claims Are Time-Barred" (<u>id.</u>, pp. 23-25); and Section I(G) titled "Plaintiff's Punitive Damages Demand Should Be Dismissed" (<u>id.</u>, p. 25). Although Steri-Tech advances this plea for joinder, it will simultaneously file a Motion for Joinder to elaborate how these arguments of Balchem's Motion to Dismiss are readily transferrable and applicable to Steri-Tech.

## IV.    CONCLUSION

Dismissal of the *Amended Complaint* is warranted under Fed. R. Civ. P. 12(b)(6) because it lacks sufficient factual allegations to state a claim for relief that is plausible on its face. Plaintiff's extremely limited and conclusory factual allegations ***<u>do not</u>*** satisfy the required elements to support the allegations and causes of action sounding in tort under Puerto Rico law. Dispositive here, Plaintiff ***<u>does not</u>*** include any factual allegation ***<u>linking</u>*** EtO with her health diagnostics, much less establishing ***<u>any causal nexus</u>*** with Steri-Tech. In the alternative, if this Court were to find that the *Amended Complaint* meets the plausibility standard as to the claims against Steri-Tech, it should still dismiss the *Amended Complaint* as time-barred. Lastly, Plaintiff's CAA claim should be dismissed as premature or, otherwise, the Court should stay the proceedings as to such claim under the CAA.

**WHEREFORE**, codefendant Steri-Tech respectfully requests that this Honorable Court grant the instant motion and, consequently, enter judgment dismissing with prejudice the *Amended*

Case 3:25-cv-01056-CVR   Document 40   Filed 07/24/25   Page 20 of 20

**Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)**
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 20 of 20

*Complaint* (**ECF No. 33**) pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, Plaintiff's CAA claim should be dismissed as premature or, otherwise, the Court should stay the proceedings as to such claim under the CAA.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of July, 2025.

*Counsel for Steri-Tech, Inc.*:

**Ferraiuoli**
P.O. Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com