## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SHEILA M. GARCÍA RIVERA**, <br><br> Plaintiff, <br><br> v. <br><br> **BALCHEM CORP.; STERI-TECH, INC.**, <br><br> Defendants. | Case No. 3:25-cv-01056-CVR |

### STERI-TECH, INC.'S REPLY TO *PLAINTIFF'S OPPOSITION TO DEFENDANT STERI-TECH'S MOTION TO DISMISS THE AMENDED COMPLAINT*

**TO THE HONORABLE COURT:**

**COMES NOW** codefendant, **Steri-Tech, Inc.** ("Steri-Tech"), *by special appearance and without submitting to the jurisdiction or venue of this Court nor waiving any defense*, through the undersigned counsel, and respectfully files its Reply to *Plaintiff's Opposition to Defendant Steri-Tech's Motion to Dismiss the Amended Complaint* ("Opposition") **(ECF No. 46)**.

### I.  INTRODUCTION

Plaintiff's *Opposition* confirms that dismissal of the *Amended Complaint* (**ECF No. 33**) is warranted. Far from curing the glaring deficiencies of the *Amended Complaint*, the *Opposition* doubles down on conclusory assertions, broad generalizations, and misplaced reliance on decades-old regulatory reports and on a United States Department of Justice ("US-DOJ") complaint filed after this case commenced. Rather than identify concrete factual allegations establishing duty, breach, causation, or timeliness, Plaintiff asks this Court to accept inference piled upon inference, and to overlook the absence of any diligence on her part. The result is not a plausible pleading but an attempt to shift the burden of investigation and pleading standards onto the Court and Defendants. Fed. R. Civ. P. 12(b)(6) demands more, and the applicable limitations period leaves no room for speculative delay. Plaintiff had the knowledge necessary to act years before this case

Case 3:25-cv-01056-CVR   Document 50   Filed 09/18/25   Page 2 of 14

Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint* (ECF No. 46)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 2 of 14

was filed. Her failure to do so cannot be excused by reliance on conclusory assertions or on references to enforcement proceedings initiated after the *Amended Complaint*. The Court should not indulge these deficiencies. The *Opposition* confirms that Plaintiff's claims are both legally and temporally deficient, and that dismissal with prejudice is the only appropriate outcome. Also, Plaintiff's Clean Air Act ("CAA") claim should be dismissed as premature or, otherwise, as moot.

## II.   ARGUMENT

### A. Plaintiff's *Opposition* confirms the *Amended Complaint* fails to state a plausible claim.

Plaintiff's *Opposition* does not cure the deficiencies Steri-Tech identified in its *Motion to Dismiss the Amended Complaint (ECF No. 33) Pursuant to Fed. R. Civ. P. 12(b)(6)* ("Motion to Dismiss") (**ECF No. 40**) and in the *Motion for Joinder to Balchem Corporation's Motion to Dismiss Plaintiff's [Amended] Complaint under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 38)* ("Motion for Joinder") (**ECF No. 41**). Rather, it underscores them. To survive Fed. R. Civ. P. 12(b)(6), Plaintiff was required to plead sufficient factual matter to establish plausible claims. Instead, the *Amended Complaint* offers only broad, conclusory assertions of negligence and strict liability, lumping all defendants together without identifying who did what, when, or how. The *Opposition* does not and cannot supply the missing facts; it merely repeats the same conclusions, supported by inference piled on inference.

Unable to point to concrete allegations, Plaintiff leans on two sources that do not advance her claims: (1) a complaint filed by the US-DOJ after Plaintiff initiated this suit, and (2) a declaration from a former Steri-Tech employee (the "Hernández Declaration"). Neither document establishes the essential elements of Plaintiff's claims. The US-DOJ filing post-dates the *Amended Complaint* and cannot retroactively create allegations that were never pled. The Hernández

Case 3:25-cv-01056-CVR    Document 50    Filed 09/18/25    Page 3 of 14

Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint* (ECF No. 46)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 3 of 14

Declaration, for its part, consists of personal grievances and observations about workplace conditions during her employment. It contains no facts linking Plaintiff's diagnosis to any act or omission by Steri-Tech and cannot substitute for the pleading of a plausible causal nexus. These defects are not academic. They pervade the *Amended Complaint* and render every cause of action legally insufficient.

As Steri-Tech demonstrates below, Plaintiff's claims are independently time-barred and, to the extent she invokes the CAA, the claim is premature for failure to comply with the Act's strict statutory prerequisites. But even before reaching those issues, the *Amended Complaint* falls at the threshold for lack of factual content. The *Opposition* merely reinforces these deficiencies and confirms that dismissal with prejudice is the only appropriate result.

   **B.   Plaintiff's abnormally dangerous activity claim fails as a matter of law.**

Plaintiff's abnormally dangerous activity claim, which is regurgitated at pages 11-14 of the *Opposition*, is not cognizable under Puerto Rico law. The allegations in this case fall under the Civil Code of 1930, which does not recognize a cause of action for abnormally dangerous activities. P.R. Laws Ann. tit. 31, § 11720. Nor have Puerto Rico courts adopted Restatement (Second) of Torts §§ 519–520 in this area. The Puerto Rico Supreme Court has only extended strict liability to product liability cases as a development of Article 1802 of the Civil Code of 1930. *See* González-Cabán v. JR Seafood, Inc., 132 F. Supp. 3d 274, 280 (D.P.R. 2015), certified question answered, 99 P.R. Offic. Trans. 15 (2017). The very authority Plaintiff invokes confirms that Puerto Rico has recognized strict liability only in the defective products context, not for abnormally dangerous claims.

Even if such a cause of action were recognized, Plaintiff's allegations fail to plausibly establish that Steri-Tech's operations meet the Restatement § 520 factors. The *Amended Complaint*

Case 3:25-cv-01056-CVR    Document 50    Filed 09/18/25    Page 4 of 14

**Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint*** (ECF No. 46)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 4 of 14

points to EtO's toxicity, its federal classification as "extremely hazardous," fugitive emissions, "open windows," proximity to residences, and the existence of alleged "safer alternatives." But these contentions, even if taken as true, do not make EtO sterilization abnormally dangerous as a matter of law. Regulatory oversight and classification reflect that the process is recognized, controlled, and widely accepted as a standard practice in the medical and pharmaceutical industries. Far from being an "uncommon" or extraordinary activity, EtO sterilization is routine in the sterilization of medical equipment worldwide. At most, Plaintiff's contentions amount to negligence or noncompliance with regulatory standards—not to an inherently hazardous activity under § 520.

Courts have also emphasized that the mere use or handling of hazardous substances does not automatically trigger strict liability, and that expanding the doctrine beyond its intended scope would have serious policy consequences *See* Fritz v. E.I. DuPont de Nemours & Co., 75 A.2d 256, 261 (Del. Super. Ct. 1950) ("To say that any corporation or individual possessing or using dangerous substances upon its or his premises should be held liable as an insurer in the event of injury to others by reason of the mere possession, use, or escape thereof would be but to strangle corporate and individual enterprise in many well recognized fields of endeavor.")

In any event, as discussed below, this cause of action, as well as Plaintiff's claims sounding in tort, is also time-barred.

**C.     Plaintiff's claims are time-barred.**

In Puerto Rico, the statute of limitation for general tort claims elapses after one year "from the time the aggrieved person had knowledge thereof." P.R. Laws Ann. tit. 31 § 5298. The prescriptive period therefore begins to run when the aggrieved learned about the injury and the identity of the person who caused it. Colón Prieto v. Géigel, 115 P.R. Dec. 232, 244 (1984); Vera

Case 3:25-cv-01056-CVR   Document 50   Filed 09/18/25   Page 5 of 14

Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint* (ECF No. 46)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 5 of 14

Morales v. Dr. Bravo, 161 P.R. Dec. 308, 318-19 (2004). In the words of the First Circuit, "the one-year period starts to run not at the time of the injury, but upon the discovery by the injured party of the injury and of its author." González–Perez v. Hosp. Interamericano De Medicina Avanzada, 355 F. 3d 1, 2 (1st Cir. 2004).

Under the discovery rule, Plaintiffs have an obligation to make the right questions and find out the identity of the relevant parties. Quiñones-Torres v. Radiation Oncology Grp., PSC, Civil No. 13-1673 (BJM), 2015 WL 1968774, at *4 (D.P.R. 2015). Plaintiffs cannot wait until the identity of Steri-Tech "fell from the sky" without any additional effort. Quintana López v. Liggett Grp., Inc., 336 F. Supp. 2d 153, 157 (D.P.R. 2004). In fact, "[i]f the ignorance of a fact is due to a plaintiff's negligent investigation, then the statute of limitations clock continues to tick." Bocanegra-Acevedo v. Toyota Motor Sales USA, Inc., Civil No. 07-1893 (JP), 2009 WL 1098084, *2 (quoting Kaiser v. Armstrong World Indus., Inc., 872 F. 2d 512, 516 (1st Cir. 1989)), Géigel, 115 P.R. Dec. at 244-246, and Santiago Hodge v. Parke Davis & Co., 833 F. 2d 6, 8 (1st Cir. 1987).

As the Puerto Rico Supreme Court clarified, notice or knowledge of the injury exists when there are "some outward or physical signs through which the aggrieved party may become aware and realize that he has suffered an injurious aftereffect, which when known becomes a damage even if at the time its full scope and extent cannot be weighed. These circumstances need not be known in order to argue that the damage has become known, because its scope, extent, and weight may be established later on during the prosecution of the remedial action." Delgado Rodríguez v. Nazario de Ferrer, 121 P.R. Dec. 347 (1988). Here, per the allegations of the Amended Complaint, Plaintiff was diagnosed with breast cancer in 2019 and was allegedly caused by exposure to Ethylene Oxide "EtO". As such, here tort claims are hopelessly time-barred.

Case 3:25-cv-01056-CVR   Document 50   Filed 09/18/25   Page 6 of 14

**Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint*** (ECF No. 46)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 6 of 14

### *i.    The 2019 diagnosis triggered the limitations period*

While Steri-Tech maintains that Plaintiff's allegations fail to satisfy the plausibility standard under Fed. R. Civ. P. 12 (b)(6), even taking them at face value for purposes of the analysis, the *Amended Complaint* confirms that Plaintiff's breast cancer diagnosis occurred in 2019 and was allegedly caused by exposure to EtO. **ECF No. 33**, ¶ 4. In the *Opposition*, Plaintiff again asserts that the cancer was the direct and proximate result of Steri-Tech's EtO emissions. These assertions, even if assumed *arguendo*, establish that by 2019 Plaintiff had knowledge of the injury, which triggered her duty to diligently identify the alleged tortfeasor and causation. Under Puerto Rico law, this was sufficient to trigger the statute of limitations, which expired in 2020. That alone disposes her claims.

Even if the Court were to take a more generous view and extend the analysis beyond 2019, dismissal is still warranted. The question would then be whether Plaintiff exercised any diligence after the diagnosis. The record is clear that she did not. Thus, as explained below, the discovery doctrine does not apply.

### *ii.    The discovery rule does not apply: Plaintiff failed to exercise diligence*

Courts addressing claims involving cancer diagnoses caused by hazardous substances - including EtO, radioactive emissions, and other toxic agents- have consistently held that the date of diagnosis is central to the statute of limitations analysis and turns on whether the plaintiff undertook any reasonable inquiry thereafter. *See*, e.g., Fortado v. Evonik Corp., Civil No. 22-1518, 2022 WL 4448230 (E.D. La. Sept. 23, 2022) (emphasizing that the date of diagnosis is central and asking whether, in light of that diagnosis, a delay in filing was reasonable); Joseph v. Evonik Corp., Civil No. 22-1530, 2022 WL 16712888 (E.D. La. Nov. 4, 2022) (holding that plaintiff's failure to investigate the cause of a diagnosis for more than ten years was unreasonable and barred reliance

Case 3:25-cv-01056-CVR   Document 50   Filed 09/18/25   Page 7 of 14

**Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint* (ECF No. 46)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 7 of 14

on the discovery rule); Tenorio v. Exxon Mobil Corp., 170 So. 3d 269, 275 (La. App. 5 Cir. 2015) (rejecting *contra non valentem* and holding that throat cancer diagnosis was constructive notice sufficient to put plaintiff on guard and to call him to inquire into the cause of his condition); Lennie v. Exxon Mobil Corp., 251 So. 3d 637, 648 (La. App. 5 Cir. 2018) (finding lung cancer diagnosis constituted constructive notice and rejecting plaintiffs' failure to make "even a rudimentary inquiry"); Guerin v. Travelers Indem. Co., 296 So. 3d 625, 631 (La. App. 1 Cir. 2020) (holding that it was not reasonable for plaintiff to accept a doctor's unexplained statement and make no further inquiries until years later); Campo v. Correa, 828 So. 2d 502, 510-11 (La. App. 2 Cir. 2002) (explaining that "constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry," which is "sufficient to start running of prescription"); Brown v. R.J. Reynolds Tobacco Co., 52 F. 3d 524, 527 (5th Cir. 1995) (holding that, with latent disease, prescription is "usually upon diagnosis"); *see also* Butler v. Denka Performance Elastomer, LLC, 16 F. 4th 427, 439-40 (5th Cir. 2021) (recognizing Tenorio, Lennie, and Guerin as cases where a plaintiff's diagnosis, more than one year prior to suit, constituted constructive notice).

The same reasoning applies here. Plaintiff did not plead, neither in the *Complaint* nor in the *Amended Complaint*, any steps to investigate after the 2019 cancer diagnosis: no questions to treating physicians, no research into EtO, and no action to identify a potential tortfeasor. On the contrary, the *Amended Complaint* (¶¶ 45-48, 53-54) merely compiles information long in the public domain and reflects no diligence on Plaintiff's part.

In sum, Plaintiff undertook no reasonable and diligent inquiry whatsoever after the 2019 cancer diagnosis. Puerto Rico law is clear that ignorance resulting from a plaintiff's failure to investigate does not toll the statute. "Once a plaintiff is on 'notice of the injury,' the plaintiff may

Case 3:25-cv-01056-CVR   Document 50   Filed 09/18/25   Page 8 of 14

Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint* (ECF No. 46)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 8 of 14

'not wait for his [or her] injury to reach its final degree of development and postpone the running of the period of limitation according to his [or her] subjective appraisal and judgment.'" Rodriguez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir.1997) (quoting Ortiz v. Municipality of Orocovis, 113 P.R. Dec. 484, 487, 13 P.R. Offic. Trans. 619, 622 (1982)). That is, "[o]nce a plaintiff is made aware of facts sufficient to put her on notice that she has a potential tort claim she must pursue that claim with reasonable diligence, or risk being held to have relinquished her right to pursue it later, after the limitation period has run. Montesinos, 123 F.3d at 16.

Puerto Rico law, like Louisiana's *contra non valentem*, places the burden on plaintiffs to act with reasonable diligence once diagnosed with a serious illness (like Plaintiff's cancer diagnosis). In her *Opposition*, Plaintiff relies on ¶¶ 45–48 and 53–54 of the *Amended Complaint* and ¶¶ 22–29 of the Hernández Declaration to argue that she could not have discovered **the full extent of the harm earlier**. That argument misses the mark. Puerto Rico law does not require knowledge of the full scope or magnitude of damages for the limitations period to begin; it requires knowledge of the injury and of the alleged tortfeasor. See Delgado, 121 P.R. Dec. 347 (1988).

### iii. By Plaintiff's own pleading, the limitations period ran no later than August 2023

Even if the Court were to extend Plaintiff every possible inference and assume that it was not reasonable to expect inquiry in 2019, the *Amended Complaint* itself confirms that the claims remain untimely. Plaintiff alleges that the Environmental Protection Agency ("EPA") held a community meeting on August 30, 2022, to inform residents of Salinas about health risks associated with EtO emissions from Steri-Tech's facilities. **By Plaintiff's own pleading, the EPA publicly connected EtO chemicals emissions from Steri-Tech's facilities to health risks. At that point, Plaintiff had both a diagnosis and an express warning -yet waited over two more years to sue**. Hernández Decl. ¶ 22.

Case 3:25-cv-01056-CVR   Document 50   Filed 09/18/25   Page 9 of 14

**Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint*** (ECF No. 46)
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 9 of 14

From that date (August 30, 2022) forward, Plaintiff had more than sufficient information to act. Yet she did nothing[1]. The one-year period expired in August 30, 2023, but Plaintiff waited until January 31, 2025, to file suit. The contrast is stark: by 2022 Plaintiff already had a cancer diagnosis and, by her own allegations, was expressly advised of the potential link between EtO and serious health risks. Any reasonable litigant would have inquired or acted promptly. Plaintiff's failure to do so underscores her lack of diligence and confirms that, even under her most favorable timeline, the claims are time-barred.

This leaves Plaintiff to rely on the continuing tort doctrine as a last resort. But, as explained below, the *Amended Complaint* alleges no ongoing unlawful acts within the relevant period -only the continued consequences of past events- which is insufficient to toll the statute of limitations.

> **iv. *The Amended Complaint does not allege facts supporting a continuing tort***

The continuing tort doctrine does not apply because Plaintiff has failed to sufficiently allege ongoing tortious conduct. Plaintiff's reliance on the continuing tort doctrine is based solely on *Amended Complaint* ¶ 92, which asserts that exposure was "ongoing." Plaintiff argues that because she has alleged Steri-Tech's conduct is ongoing and causing successive damages, the continuing tort doctrine applies and prescription has not begun to run on Plaintiff claims. Plaintiff's *Amended Complaint*, however, lacks any factual allegations indicating Steri-Tech has engaged in tortious conduct that is ongoing. *See* Lazarini v. United States, 898 F. Supp. 40, 45 (D.P.R.1995), *aff'd*, 89 F. 3d 823 (1st Cir. 1996) ("in order to establish a continuing tort violation, a plaintiff necessarily must prove a series of events, not that the injury from the first events has not been cured"). As the First Circuit has cautioned, "[j]udges are not expected to be mindreaders.

---

[1] Other residents living in the same community filed suit against Steri-Tech on August 29, 2023. *See* Pérez-Maceira, et al. v. Customed, Inc., *et al.*, Case No. 3:23-cv-01445 (CVR).

Case 3:25-cv-01056-CVR   Document 50   Filed 09/18/25   Page 10 of 14

**Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint*** (ECF No. 46)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 10 of 14

Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." Echevarria v. AstraZeneca Pharm. LP, 856 F. 3d 119, 139 (1st Cir. 2017).

Plaintiff's *Opposition* also refers to regulatory developments and to the US-DOJ complaint filed against Steri-Tech on June 13, 2025 -one day after Plaintiff filed the *Amended Complaint*. Those external proceedings cannot retroactively supply factual allegations missing from Plaintiff's pleadings or establish diligence. Moreover, far from showing ongoing unlawful conduct, the same Hernández Declaration reflect that in 2022 Steri-Tech had implemented measures to eliminate the alleged fugitive emissions. Hernández Decl. ¶¶ 22.

Puerto Rico law requires allegations of continuous unlawful acts, not simply continuing consequences of past conduct. Plaintiff provides no such allegations. Reliance on regulatory filings after the fact or on conclusory statements only underscores the insufficiency of the pleadings.

Plaintiff's own pleadings establish that the claims are time-barred. The 2019 cancer diagnosis triggered the one-year period, which expired in 2020. Even if the Court were to consider Plaintiff's allegations about the 2022 EPA meeting, the period expired in 2023. The Complaint was filed various years later, on January 31, 2025. The *Amended Complaint* and supporting materials reveal no diligence on Plaintiff's part that could justify application of the discovery rule and no factual basis for a continuing tort theory. Plaintiff's claims are untimely and should be dismissed with prejudice.

**D.     The CAA claim is premature and legally deficient.**

In the *Motion to Dismiss*, Steri-Tech argued that the EPA issued a *Compliance Administrative Order*, Docket No. CAA-02-2024-1001, but such order was under judicial review as Steri-Tech appealed the EPA's decision in the United States Court of Appeals for the First Circuit, No. 24-1072, process that was pending since April 29, 2025. As such, Steri-Tech

Case 3:25-cv-01056-CVR   Document 50   Filed 09/18/25   Page 11 of 14

**Reply to** *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint* **(ECF No. 46)**
García Rivera v. Balchem, Corp., et al.
Case No. 3:25-cv-01056-CVR
Page 11 of 14

requested that Plaintiff's CAA claim be dismissed as premature or, otherwise, the Court should stay the proceedings as to such claim under the CAA.

Plaintiff's *Opposition* attempts to shift the burden by arguing that Steri-Tech has not "affirmatively demonstrate[d]" the absence of notice. **ECF No. 46**, p. 15. This contention is unfounded. It is Plaintiff, as the party invoking the cause of action under the CAA, who must affirmatively plead and demonstrate compliance with the clear statutory prerequisite in 42 U.S.C. §7604(b)(1). The *Amended Complaint* contains no such allegation, and the *Opposition* fails to cure this omission even after Steri-Tech raised it in its *Motion to Dismiss*.

Congress established the notice requirement to serve a clear purpose. As reflected in the legislative history of the 1970 Clean Air Amendments, the notice provision ensures that federal and state agencies are given the opportunity to assume responsibility for enforcing environmental regulations, thereby avoiding unnecessary and duplicative citizen suits. *See* Hallstrom v. Tillamook County, 493 U.S. 20, 29 (1989) ("notice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits") This structure reflects Congress's intent that agencies, **not citizens** like Plaintiff, take the lead in enforcing environmental regulations. Thus, absent allegations of compliance with the notice provision or of a failure of regulators to act, Plaintiff's CAA claim is premature. The *Opposition* ignores this statutory design and cannot cure the pleading deficiency.

Courts across multiple circuits have consistently held that diligent prosecution bars and forecloses duplicative citizen suits where an agency has already pursued enforcement and entered into a consent decree addressing the same alleged violations. The First Circuit explained that "[t]he focus of the statutory bar to citizen's suits is not on state statutory construction, but on whether corrective action already taken and diligently pursued by the government seeks to remedy the same

Case 3:25-cv-01056-CVR    Document 50    Filed 09/18/25    Page 12 of 14

**Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint* (ECF No. 46)**
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 12 of 14

violations as duplicative civilian action." N. & S. Rivers Watershed Ass'n, Inc. v. Town of Scituate, 949 F. 2d 552, 556 (1st Cir. 1991). In other words, what matters is whether the agency acted, not whether the plaintiff prefers a different forum or outcome.

Other circuits are in accord. The Fourth Circuit has emphasized that "when presented with a consent decree" following an administrative enforcement proceeding, "we must be particularly deferential to the agency's expertise." Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty., Md., 523 F. 3d 453, 459 (4th Cir. 2008). Likewise, the Tenth Circuit concluded that a citizen suit was barred because "the EPA's prosecution," memorialized in a consent decree, "was diligent." Karr v. Hefner, 475 F. 3d 1192, 1197-98 (10th Cir. 2007). The Seventh Circuit has taken the same approach under the Resource Conservation and Recovery Act ("RCA"), noting that the diligent prosecution bar "permits a follow-on private suit if the public suit was not prosecuted diligently. But if the agency prevails in all respects, that is the end…." Supporters to Oppose Pollution, Inc. v. Heritage Grp., 973 F. 2d 1320, 1324 (7th Cir. 1992). And in Citizens for Clean Power v. Indian River Power, LLC, 636 F. Supp. 2d 351, 358 (D. Del. 2009), the court dismissed a citizen suit filed just days after regulators had secured a consent order, holding that the agency had "diligently prosecuted its suit against defendant, which preclude[d] plaintiff's suit under 42 U.S.C. § 7604(b)(1)(B)."

These authorities underscore that the notice requirement is not a formality. It is the mechanism by which Congress ensured that agencies could act first, reserving citizen suits only for circumstances where the government has not done so. Plaintiff's failure to allege compliance with this threshold requirement, combined with the established principle that agency enforcement forecloses duplicative litigation, confirms that her CAA claim is premature and legally deficient.

Case 3:25-cv-01056-CVR   Document 50   Filed 09/18/25   Page 13 of 14

**Reply to *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint*** (ECF No. 46)
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 13 of 14

More fundamentally, however, in its Opposition, Plaintiff addressed the US-DOJ enforcement action against Steri-Tech that resulted in the appeal before the First Circuit in Case No. 24-1072. **ECF No. 7-9**. Yet, Plaintiff conveniently omitted to state that on July 30, 2025, the EPA and Steri-Tech filed a Joint Stipulation of Dismissal, which is accessible to the public, moving for dismissal because (i) the Administrative Compliance Order that the EPA issued to Steri-Tech on October 23, 2023 terminated by its own terms 180 days after its effective date, and (ii) Steri-Tech completed the Order's substantive requirements. *See* Case No. 24-1072, Entry ID: 6739593. As such, on August 1, 2025, the First Circuit entered Judgment ordering the voluntary dismissal of the appeal pursuant to Fed. R. App. P. 42(b)(1) with each party to bear its own costs. Id., Entry ID: 6740416. This Court can take judicial notice of Case No. 24-1072, including the Joint Stipulation of Dismissal and the Judgment, under Fed. R. Evid. 201(b). Given that the EPA and Steri-Tech stipulated that the latter completed the substantive requirements of the EPA's Order as to the CAA, Plaintiff's CAA claim should be dismissed as moot.

### III.    CONCLUSION

Dismissal of the *Amended Complaint* is warranted under Fed. R. Civ. P. 12(b)(6) because it lacks sufficient factual allegations to state a claim for relief that is plausible on its face. Because no amendment can cure the fatal defects of Plaintiff's claims, the *Amended Complaint* should be dismissed with prejudice as to Steri-Tech with the imposition of costs and attorneys' fees upon Plaintiff, together with any other relief as this Court deems just and proper. In the alternative, if this Court were to find that the *Amended Complaint* meets the plausibility standard, it should dismiss it as time-barred. Lastly, Plaintiff's CAA claim should be dismissed as premature or, otherwise, as moot .

**WHEREFORE**, codefendant Steri-Tech respectfully requests that this Honorable Court

Case 3:25-cv-01056-CVR   Document 50   Filed 09/18/25   Page 14 of 14

**Reply to** *Plaintiff's Opposition to Defendant Steri-Tech's MTD the Amended Complaint* **(ECF No. 46)**
García Rivera v. Balchem, Corp., *et al.*
Case No. 3:25-cv-01056-CVR
Page 14 of 14

grant the *Motion to Dismiss* (**ECF No. 40**) and the arguments in the *Motion for Joinder* (**ECF No. 41**) and, consequently, enter judgment dismissing with prejudice the *Amended Complaint* (**ECF No. 33**) pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, Plaintiff's CAA claim should be dismissed as premature or, otherwise, as moot.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing reply was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of September, 2025.

*Counsel for Steri-Tech, Inc.*:

**Ferraiuoli**
P.O. Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com

*s/ Pedro I. Torres-Crespí*
**Pedro I. Torres-Crespí**
USDC-PR 309111
Email: pitorres@ferraiuoli.com