IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SHEILA M. GARCIA RIVERA<br><br>    Plaintiff,<br>v.<br><br>BALCHEM CORP., and<br>STERI-TECH, INC.<br><br>    Defendants. | CASE NO. 3:25-cv-01056-CVR<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully request that this Court take notice of a recently published decision of the United States Court of Appeals for the Fourth Circuit, which provides persuasive guidance on issues directly implicated here. *See Sommerville v. Union Carbide Corp. & Covestro LLC*, No. 24 1491, ___ F.4th ___ (4th Cir. Aug. 18, 2025) (attached as Exhibit 1).

  **I. Legal Basis for This Motion**

This motion is brought pursuant to Federal Rule of Civil Procedure 7(b) and the Court's inherent authority to consider relevant supplemental authority. Local rules expressly contemplate such filings. *See, e.g.*, D.P.R. Local Rule 7(c); W.D. Tenn. Local Rule 7.2(d); W.D. Pa. Local Civil Rule 7(E). Plaintiffs therefore notify the Court of this new authority, decided after briefing on the pending motions.

  **II. The *Sommerville* Decision**

In *Sommerville*, the Fourth Circuit reversed summary judgment in a medical monitoring action involving ethylene oxide (EtO) emissions from an industrial facility. The plaintiffs alleged

significant exposure to EtO, a recognized human carcinogen, and sought recovery of the costs of ongoing diagnostic testing.

The district court dismissed the case for lack of Article III standing, reasoning that the claims were insufficient without a manifest physical injury. The Fourth Circuit disagreed. Drawing on long-established common-law principles and West Virginia precedent, it held that in the medical monitoring context, the injury is the exposure itself, along with the concomitant need for medical testing, rather than solely the increased risk of future disease. *Id.* (slip op. at 13–16). Thus, plaintiffs who plead the elements of a medical monitoring claim—including proof of significant exposure requiring presently necessary testing—allege a concrete injury sufficient to satisfy Article III. *Id.* (slip op. at 14–15).

Fourth Circuit also found that the district court erred in excluding the plaintiffs' expert, Dr. Ron Sahu, under Fed. R. Evid. 702. The court explained that disagreements with assumptions or input data are matters for cross-examination and weight, not for wholesale exclusion. *Id.* (slip op. at 18–29).

### III. Relevance to This Case

This case presents allegations of significant exposure to EtO and claims for medical monitoring. *Sommerville* directly addressed the constitutional challenges that often arise in such cases. The Fourth Circuit's ruling makes clear that exposure itself, together with the present need for medical testing, constitutes an injury under Article III. This principle, though articulated in the context of West Virginia law, has persuasive force and confirms the compatibility of medical monitoring claims with federal standing requirements. As such, *Sommerville* strongly supports the plaintiffs' claims here.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

1. Take notice of the Sommerville decision as supplemental authority relevant to the issues before it;

2. Consider the attached decision in ruling on Defendants' pending motion(s); and

3. Grant such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 26th day of September, 2025

*/s/ Luis V. Almeida-Olivieri*
Luis V. Almeida-Olivieri (PR Bar #308307)
Melissa K. Sims (*pro hac vice forthcoming*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**
1311 Ponce de Leon Ave. Suite 700
San Juan, PR, 00907
Tel: (516) 741-5600
Fax: (516) 741-0128
lalmeida@milberg.com
msims@milberg.com

-and-

John Fonda (*pro hac vice forthcoming*)
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, Eleventh Floor,
New York, NY 10017
Tel: (212) 397-1000
jfonda@napolilaw.com

-and-

Ari Kresch
(PR Bar #309614)
**Kresch Legal Services PR, PLLC**
1225 Avenida Ponce de Leon, Suite 605
San Juan, Puerto Rico 00907
Tel: (800) 529-3476
akresch@1800lawfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Luis V. Almeida-Olivieri, an attorney, hereby certify that on September 26th, 2025, I caused a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITY** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Luis V. Almeida-Olivieri*
Luis V. Almeida-Olivieri (PR Bar # 308307)