**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **SHEILA M. GARCÍA RIVERA** | **CASE NO. 3:25-cv-01056-CVR** |
| Plaintiff, | |
| v. | |
| **STERI-TECH, INC.,** | |
| Defendant. | |

**STERI-TECH'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (ECF 33)**

**TO THE HONORABLE COURT:**

**COMES NOW** defendant Steri-Tech, Inc. ("Steri-Tech"), through undersigned counsel, and hereby submits its Answer to the remaining claims and causes of action in Plaintiff's Amended Complaint (**ECF 33**)[1] with Affirmative Defenses and, except as hereinafter expressly admitted, denies each and every allegation, statement and matter contained in the Amended Complaint.

**NATURE OF THE ACTION**

1.    The allegations in paragraph one (1) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech

---

[1] On June 12, 2025, Plaintiff filed a 38-page Amended Complaint against Balchem Corp. ("Balchem") and Steri-Tech, which contained 6 counts (or causes of action) and 170 allegations plus the prayer for relief. **ECF 33**. On December 1, 2025, this Court entered an *Opinion and Order* ruling on Defendants' dispositive motions, including granting in its entirety Balchem's *Motion to Dismiss* and granting in part and denying in part Steri-Tech's *Motion to Dismiss*. **ECF 53**. The Court dismissed with prejudice all claims against co-defendant Balchem, as well as the causes of action against Steri-Tech for abnormally dangerous activity (Count III), product liability for failure to warn (Count IV); product liability for design defect (Count V); and violation of the Clean Air Act (Count VI). Only the following claims and causes of action survived against Steri-Tech:
    a.    Negligence (Count I).
    b.    Private nuisance (Count II).
The *Opinion and Order* further directed Steri-Tech, to answer the Amended Complaint by December 22, 2025.  Id., at p. 23. On December 22, 2025, Steri-Tech timely moved for a brief extension of time to answer the Amended Complaint (**ECF 56**), which the Court granted on December 23, 2025, extending the deadline to January 7, 2026, in light of the Court's holiday closure. **ECF 57**. On January 7, 2026, Steri-Tech moved for a second brief extension of time to answer the Amended Complaint through today, January 9, 2026 (**ECF 58**), which the Court granted. **ECF 59**.

denies the same. Steri-Tech states that statements by the Environmental Protection Agency ("EPA") whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

2.      The allegations in paragraph two (2) of the Amended Complaint are denied. Steri-Tech admits that it owns and operates a sterilization facility.  Per the Court's Opinion and Order (**ECF 53**, at p.1**)**, "Balchem manufactures the product [EtO] and Mays distributes it." Steri-Tech further states that statements by the EPA whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

3.      The allegations in paragraph three (3) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

4.      Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph four (4) of the Amended Complaint and therefore denies the same. It is affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. It is further alleged that Plaintiff's claims against Steri-Tech are time-barred.

5.      The allegations in paragraph five (5) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same.  Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. It is further alleged that Plaintiff's claims against Steri-Tech are time-barred. Moreover, Plaintiff's Clean Air Act claim was dismissed

per the Court's Opinion and Order **(ECF 53)**.

## INTRODUCTION

6.      The allegations in paragraph six (6) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. Per the Court's Opinion and Order **(ECF 53**, at p.1**)**, "Balchem manufactures the product [EtO] and Mays distributes it."

7.      The allegations in paragraph seven (7) of the Amended Complaint were dismissed, particularly as to Balchem, per the Court's Opinion and Order (**ECF 53**). Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations.

8.      The allegations in paragraph eight (8) of the Amended Complaint were dismissed, particularly as to Balchem, per the Court's Opinion and Order (**ECF 53**). Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations and denies any causal connection between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff.

9.      The allegations in paragraph nine (9) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same.  Steri-Tech states that any statements from external publications, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

3

10.     The allegations in paragraph ten (10) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

11.     The allegations in paragraph eleven (11) of the Amended Complaint, which consist of improper defendant group pleading, were dismissed, particularly as to Balchem, per the Court's Opinion and Order (**ECF 53**). Steri-Tech further denies the same. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff.

12.     The allegations in paragraph twelve (12) of the Amended Complaint, which consist of improper defendant group pleading, are denied. All claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order (**ECF 53**). It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. It is further alleged that Plaintiff's claims against Steri-Tech are time-barred.

13.     The allegations in paragraph thirteen (13) of the Amended Complaint are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations and denies any causal connection between Steri-Tech's acts or

omissions and the injuries and damages alleged by Plaintiff. It is further alleged that Plaintiff's claims against Steri-Tech are time-barred.

14.     The allegations in paragraph fourteen (14) of the Amended Complaint, which consist of improper defendant group pleading, are denied. All claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. It is further alleged that Plaintiff's claims against Steri-Tech are time-barred.

15.     The allegations in paragraph fifteen (15) of the Amended Complaint, which consist of improper defendant group pleading, are denied. All claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. It is further alleged that Plaintiff's claims against Steri-Tech are time-barred.

16.     The allegations in paragraph sixteen (16) of the Amended Complaint, which consist of improper defendant group pleading, are denied. All claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also

affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. It is further alleged that Plaintiff's claims against Steri-Tech are time-barred.

17.    The allegations in paragraph seventeen (17) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech states that any statements by the Union of Concerned Scientists ("UCS") whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

18.    The allegations in paragraph eighteen (18) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech states that any statements by the UCS whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

19.    The allegations in paragraph nineteen (19) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause Plaintiff's alleged damages.

20.    The allegations in paragraph twenty (20) of the Amended Complaint are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause Plaintiff's alleged damages. It is further alleged that Plaintiff's claims are time-barred. Also, she is not entitled to any of the alleged damages or remedies, including the alleged special damages (like medical expenses) which were not pled with specificity.

## PARTIES

21.    Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph twenty-one (21) of the Amended Complaint and therefore denies such allegations.

22.    Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in the first, third, and fourth sentences of paragraph twenty-two (22) of the Amended Complaint and therefore denies such allegations. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. It is further alleged that Plaintiff was diagnosed with breast cancer in 2019, that is, *6 years before* the original Complaint was filed in January 2025. Therefore, Plaintiff had until 2020 to file her claim but failed to timely do so. As such, her claims are time-barred.

23.    With respect to the allegation in paragraph twenty-three (23) of the Amended Complaint, which contains a definition of the term "Defendants" and is improperly used almost 50 times through the Amended Complaint, all claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order **(ECF 53)**.

24.    The allegations in paragraph twenty-four (24) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. Steri-Tech states that the claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

25.    Of the allegations in paragraph twenty-five (25) Steri-Tech only admits that it operates a sterilization facility in Salinas, Puerto Rico. The remaining allegations are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with

applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

## JURISDICTION AND VENUE

26.     The allegations in paragraph twenty-six (26) of the Amended Complaint are a conclusion of law and do not warrant a response from Steri-Tech. In the event that a response is warranted, Steri-Tech denies the allegations. It is further alleged that Plaintiff's Clean Air Act claim was properly dismissed pursuant to the Opinion and Order **(ECF 53)**.

27.     The allegations in paragraph twenty-seven (27) of the Amended Complaint are a conclusion of law and do not warrant a response from Steri-Tech. However, Steri-Tech affirmatively alleges that Plaintiff bear the burden of showing that the Court has jurisdiction.

28.     The allegations contained in paragraph twenty-eight (28) of the Amended Complaint include conclusions of law (venue) and do not warrant a response from Steri-Tech. To the extent a response is required, Steri-Tech denies the allegations and admits only that it conducts business in this District.

## FACTUAL ALEGATIONS

### I.     Ethylene Oxide Abnormally Dangerous-Even Among Human Carcinogens

29.     The allegations in paragraph twenty-nine (29) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. In the event that a response is required, Steri-Tech denies the same as drafted.

30.     The allegations in paragraph thirty (30) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. In the event that a response is required, Steri-Tech denies the same as drafted.

31.    The allegations in paragraph thirty-one (31) of the Amended Complaint are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

32.    The allegations in paragraph thirty-two (32) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response.  In the event that a response is required, Steri-Tech denies the same as drafted.

33.    The allegations in paragraph thirty-three (33) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response.  In the event that a response is required, Steri-Tech denies the same as drafted.

34.    The allegations in paragraph thirty-four (34) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. In the event that a response is required, Steri-Tech denies the same. Steri-Tech states that statements by the IARC Working Group whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

35.    The allegations in paragraph thirty-five (35) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. In the event that a response is required, Steri-Tech denies the same. Steri-Tech states that this paragraph appears to characterize an article, the content of which is public. Steri-Tech denies any characterizations by Plaintiff inconsistent with that article, which, in any event, is hearsay. Also, Steri-Tech states that statements by the United States National Toxicology Program and/or the EPA whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

36.    The allegations in paragraph thirty-six (36) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. In the event that a response is required, Steri-Tech denies the same. Steri-Tech states that this paragraph appears to characterize an article, the content of which is public. Steri-Tech denies any characterizations by Plaintiff inconsistent with that article, which, in any event, is hearsay. Also, Steri-Tech states that statements by "Miller" and "Snyder" whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

37.    The allegations in paragraph thirty-seven (37) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. In the event that a response is required, Steri-Tech denies the same.

38.    The allegations in paragraph thirty-eight (38) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. In the event that a response is required, Steri-Tech denies the same. Steri-Tech states that statements by the IARC Working Group whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

39.    The allegations in paragraph thirty-nine (39) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. In the event that a response is required, Steri-Tech denies the same.

40.    The allegations in paragraph forty (40) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech further states that this paragraph appears to characterize an article, the content of which is public. Steri-Tech denies any characterizations by Plaintiff inconsistent with that article, which, in any event, is hearsay. Steri-

Tech states that statements by "Hartwig, *et al*.", whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

41.    The allegations in paragraph forty-one (41) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech further states that this paragraph appears to characterize an article, the content of which is public. Steri-Tech denies any characterizations by Plaintiff inconsistent with that article, which, in any event, is hearsay. Steri-Tech states that statements by Aoki Y. whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

42.    Steri-Tech denies the allegations in paragraph forty-two (42) of the Amended Complaint. As to Balchem, all claims were dismissed per the Court's Opinion and Order (**ECF 53**). Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

43.    Steri-Tech denies the allegations in paragraph forty-three (43) of the Amended Complaint. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

44.    Steri-Tech denies the allegations in paragraph forty-four (44) of the Amended Complaint. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

45.     The allegations contained in paragraph forty-five (45), which consist of improper defendant group pleading, are denied. Also, all claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order **(ECF 53)**. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

46.     The allegations in paragraph forty-six (46) of the Amended Complaint, which consist of improper defendant group pleading, are denied. Also, all claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order **(ECF 53)**. Steri-Tech states that any statements by the National Institute of Occupational Safety and Health ("NIOSH"), U.S. Department of Health and Human Services, World Health Organization ("WHO"), U.S. Department of Labor's Occupational Safety and Health Administration, and EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

## II.     Defendants Exposed Ms. García Rivera to Dangerous Levels of EtO.

47.     Steri-Tech denies the allegations in paragraph forty-seven (47) of the Amended Complaint. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. As to Balchem, all claims were dismissed per the Court's Opinion and Order **(ECF 53)**.

48.     Steri-Tech denies the allegations in paragraph forty-eight (48) of the Amended Complaint. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and

that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

49.     Steri-Tech denies the allegations in paragraph forty-nine (49) of the Amended Complaint. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. As to Balchem, all claims were dismissed per the Court's Opinion and Order (**ECF 53**).

50.     Steri-Tech denies the allegations in paragraph fifty (50) of the Amended Complaint. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

51.     The allegations in paragraph fifty-one (51) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech states that any statements by the EPA whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

52.     The allegations in paragraph fifty-two (52) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

53.     The allegations in paragraph fifty-three (53) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. Steri-Tech only admits that certain commercial medical equipment sterilizers use EtO for sterilization. The remaining

allegations are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

54.    The allegations in paragraph fifty-four (54) of the Amended Complaint are denied. Steri-Tech states that any statements by the EPA whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

55.    The allegations in paragraph fifty-five (55) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech admits only that EtO is a colorless flammable gas at certain temperatures. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

56.    The allegations in paragraph fifty-six (56) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech further states that this paragraph appears to characterize an article, the content of which is public. Steri-Tech denies any characterizations by Plaintiff inconsistent with that article, which, in any event, is hearsay. Steri-Tech states that statements by Meyer, *et al.*, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

57.    The allegations in paragraph fifty-seven (57) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a

response is required, Steri-Tech only admits that EtO is odorless. The remaining allegations are denied.

58.     The allegations in paragraph fifty-eight (58) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

59.     The allegations in paragraph fifty-nine (59) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

60.     The allegations in paragraph sixty (60) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

61.     The allegations in paragraph sixty-one (61) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. Steri-Tech states that any statements by the EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

62.     The allegations in paragraph sixty-two (62) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech states that any statements by the EPA, whether quoted,

referred to, or relied upon, any characterization or inaccurate representation thereof is denied. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

63.     The allegations in paragraph sixty-three (63) of the Amended Complaint are denied per the Court's ruling in the Opinion and Order **(ECF 53**, pp. 6-10**)**. Steri-Tech also denies any characterization of, or reliance on, the declaration referenced in footnote number 11 and denies any allegations inconsistent with this response.

64.     The allegations in paragraph sixty-four (64) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

65.     The allegations in paragraph sixty-five (65) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

66.     The allegations in paragraph sixty-six (66) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

67.     The allegations in paragraph sixty-seven (67) and subsections (a), (b), (c), (d) and (e), of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

68.     The allegations in paragraph sixty-eight (68) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

69.     The allegations in paragraph sixty-nine (69) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

70.     Of the allegations in paragraph seventy (70) of the Amended Complaint it is admitted that "Balchem manufactures the product [EtO] and Mays distributes it" per the Court's Opinion and Order **(ECF 53**, at p.1**)**. The remaining allegations in this paragraph are vague and ambiguous, and therefore, are denied.

71.     The allegations in paragraph seventy-one (71) of the Amended Complaint are denied. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

72.     The allegations in paragraph seventy-two (72) of the Amended Complaint are denied. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

73.     The allegations in paragraph seventy-three (73) of the Amended Complaint are denied. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

74.     The allegations in paragraph seventy-four (74) of the Complaint consist of conclusions of law and citations to regulations and therefore do not warrant a response from Steri-Tech. To the extent a response is required, Steri-Tech denies any characterization inconsistent with their text or applicable law.

75.     The allegations in paragraph seventy-five (75) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

76.     The allegations in paragraph seventy-six (76) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

77.     The allegations in paragraph seventy-seven (77) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

78.     The allegations in paragraph seventy-eight (78) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations or the instructions of any

corresponding institution. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

79.    The allegations in paragraph seventy-nine (79) of the Amended Complaint are denied. All claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution., and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

### III.    Defendant Steri-Tech Violated the Clean Air Act ("CAA")

80.    Of the allegations contained in paragraph eighty (80) of the Amended Complaint Steri-Tech admits only it operates a sterilization facility. The remaining allegations are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

81.    The allegations in paragraph eighty-one (81) of the Amended Complaint are denied as Plaintiff's Clean Air Act claims were dismissed pursuant to the Opinion and Order **(ECF 53)**.

82.    The allegations in paragraph eighty-two (82) of the Amended Complaint are denied as Plaintiff's Clean Air Act claims were dismissed pursuant to the Opinion and Order **(ECF 53)**. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

83.    The allegations in paragraph eighty-three (83) of the Amended Complaint are denied as Plaintiff's Clean Air Act claims were dismissed pursuant to the Opinion and Order **(ECF 53)**. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to

applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

84.     The allegations in paragraph eighty-four (84) of the Amended Complaint are denied as Plaintiff's Clean Air Act claims were dismissed pursuant to the Opinion and Order **(ECF 53)**. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages..

85.     The allegations in paragraph eighty-five (85) of the Amended Complaint are denied as Plaintiff's Clean Air Act claims were dismissed pursuant to the Opinion and Order **(ECF 53)**. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

86.     The allegations in paragraph eighty-six (86) of the Amended Complaint are denied as Plaintiff's Clean Air Act claims were dismissed pursuant to the Opinion and Order **(ECF 53)**. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

## IV.    Defendants' Knew of and Failed to Adress Decades of Deadly Emissions Sufficiently.

87.     The allegations in paragraph eighty-seven (87) of the Amended Complaint, which consist of improper defendant group pleading, are denied. All claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

20

88.     The allegations in paragraph eighty-eight (88) of the Amended Complaint are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

89.     The allegations in paragraph eighty-nine (89) of the Amended Complaint, which consist of improper defendant group pleading, are denied. All claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order **(ECF 53)**. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

## V.     Ms. García Rivera's Exposure and Resulting Injury Are Severe.

90.     Steri-Tech denies the allegations in the first sentence of paragraph ninety (90) of the Amended Complaint for lack of knowledge or information sufficient to form a belief about the veracity of the allegations. The allegations on the second and third sentences are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

91.     Steri-Tech denies the allegations in the first line of paragraph ninety-one (91) of the Amended Complaint for lack of knowledge or information sufficient to form a belief about the veracity of the allegations. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding

institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

92.    The allegations in paragraph ninety-two (92) of the Amended Complaint are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, she is not entitled to any of the alleged damages or remedies. Also, Plaintiff's claims are time-barred.

93.    The allegations in paragraph ninety-three (93) of the Amended Complaint are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, she is not entitled to any of the alleged damages or remedies, including the alleged special damages (like medical expenses) which were not pled with specificity. Also, Plaintiff's claims are time-barred.

94.    The allegations in paragraph ninety-four (94) of the Amended Complaint are denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, she is not entitled to any of the alleged damages or remedies. Also, Plaintiff's claims are time-barred.

### VI.    Defendants Prioritize Profit over People, Externalize Risk, and Neglect Safer Alternative Sterilization Options.

95.    The allegations in the first sentence of paragraph ninety-five (95) are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. With respect to the second sentence, Steri-Tech denies the same for lack of knowledge or information sufficient to form a belief about the veracity of the allegations. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, she is not entitled to any of the alleged damages or remedies. Also, Plaintiff's claims are time-barred.

96.    The allegations in paragraph ninety-six (96) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent that a response is deemed necessary, Steri-Tech denies the same. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. Also, Steri-Tech states that statements by the FDA whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

97.    The allegations in paragraph ninety-seven (97) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same. Steri-Tech states that statements by the FDA whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

98.    The allegations in paragraph ninety-eight (98) of the Amended Complaint, which consist of improper defendant group pleading, are denied. All claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order **(ECF 53)**. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to

applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

99.    The allegations in paragraph ninety-nine (99) of the Amended Complaint, which consist of improper defendant group pleading, are denied.  All claims and causes of action other than negligence and private nuisance were dismissed per the Court's Opinion and Order **(ECF 53)**. Steri-Tech affirmatively alleges that it has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

### COUNT I
### Negligence

100.    Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

101.    The allegations in paragraph one hundred and one (101) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

102.    The allegations in paragraph one hundred and two (102) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by

Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

103.    The allegations in paragraph one hundred and three (103) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

104.    The allegations in paragraph one hundred and four (104) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the same and all claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

105.    The allegations in paragraph one hundred and five (105) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. Also, Plaintiff's claims are time-barred.

(a)    The allegations in subsection (a) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

(b)     The allegations in subsection (b) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

(c)     The allegations in the subsection (c) of the Amended Complaint are denied as all claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

(d)     The allegations in the subsection (d) of the Amended Complaint are denied as all claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.

(e)     The allegations in the subsection (e) of the Amended Complaint are denied. The claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

(f)     The allegations in the nonsequential subsection (f) of the Amended Complaint are denied. The claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

(g)     The allegations in the nonsequential subsection (g) of the Amended Complaint are denied. The claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. Steri-Tech further alleges that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. Also, Plaintiff's claims are time-barred.

106.    The allegations in paragraph one hundred and six (106) of the Amended Complaint, which consist of improper defendant group pleading, are denied. The claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**.  It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. Also, Plaintiff's claims are time-barred.

107.    The allegations in paragraph one hundred and seven (107) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. Also, Plaintiff's claims are time-barred.

108.    The allegations in paragraph one hundred and eight (108) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech did not act, or failed to act, in any way that could be considered the proximate or efficient cause of Plaintiff's alleged damages. It is further alleged that there is no casual relation between any of Steri-Tech's actions and the alleged damages that Plaintiff claims to have suffered. Furthermore, she is not entitled to any of the alleged damages or remedies, including the alleged special damages (like medical expenses) which were not pled with specificity. Also, Plaintiff's claims are time-barred.

**COUNT II**
**Private Nuisance**

109.    Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

110.    The allegations in paragraph one hundred and ten (110) of the Complaint consist of conclusions of law and citations to regulations and therefore do not warrant a response from Steri-Tech. To the extent a response is required, Steri-Tech states that 32 L.P.R.A. § 2761 speaks for itself and denies any characterization inconsistent with their text or applicable law.

111.    The allegations in paragraph one hundred and eleven (111) of the Amended Complaint, which consist of improper defendant group pleading, are denied. The claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. Furthermore, she is not entitled to any of the alleged damages or remedies. Also, Plaintiff's claims are time-barred.

112.    The allegations in paragraph one hundred and twelve (112) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. Furthermore, she is not entitled to any of the alleged damages or remedies. Also, Plaintiff's claims are time-barred.

113.    The allegations in paragraph one hundred and thirteen (113) of the Amended Complaint are denied. The claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is

also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff.

114.    The allegations in paragraph one hundred and fourteen (114) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. Furthermore, she is not entitled to any of the alleged damages or remedies. Also, Plaintiff's claims are time-barred.

115.    The allegations in paragraph one hundred and fifteen (115) of the Amended Complaint, which consist of improper defendant group pleading, are denied. The claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. Furthermore, she is not entitled to any of the alleged damages or remedies. Also, Plaintiff's claims are time-barred.

116.    The allegations in paragraph one hundred and sixteen (116) of the Amended Complaint, which consist of improper defendant group pleading, are denied. The claims against Balchem were dismissed pursuant to the Opinion and Order **(ECF 53)**. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged

by Plaintiff. Furthermore, she is not entitled to any of the alleged damages or remedies. Also, Plaintiff's claims are time-barred.

117.    The allegations in paragraph one hundred and seventeen (117) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff. Also, she is not entitled to any of the alleged damages or remedies, including the alleged special damages (like medical expenses) which were not pled with specificity. Also, Plaintiff's claims are time-barred.

## COUNT III
## Abnormally Dangerous Activity

118.    Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

119.    The allegations in paragraph one hundred and eighteen (119) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

120.    The allegations in paragraph one hundred and twenty (120) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

121.    The allegations in paragraph one hundred and twenty-one (121) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

122.    The allegations in paragraph one hundred and twenty-two (122) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

123.    The allegations in paragraph one hundred and twenty-three (123) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

124.    The allegations in paragraph one hundred and twenty-four (124) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

125.    The allegations in paragraph one hundred and twenty-five (125) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

126.    The allegations in paragraph one hundred and twenty-six (126) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

127.    The allegations in paragraph one hundred and twenty-seven (127) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

128.    The allegations in paragraph one hundred and twenty-eight (128) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

129.    The allegations in paragraph one hundred and twenty-nine (129) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

130.    The allegations in paragraph one hundred and thirty (130) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

**COUNT IV**
**Failure to Warn or Instruct**

131.    Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

132.    The allegations in paragraph one hundred and thirty-two (132) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

133.    The allegations in paragraph one hundred and thirty-three (133) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

134.    The allegations in paragraph one hundred and thirty-four (134) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

135.    The allegations in paragraph one hundred and thirty-five (135) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

136.    The allegations in paragraph one hundred and thirty-six (136) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

137.    The allegations in paragraph one hundred and thirty-seven (137) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

138.    The allegations in paragraph one hundred and eight (138) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

139.    The allegations in paragraph one hundred and thirty-nine (139) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

140.    The allegations in paragraph one hundred and forty (140) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

141.    The allegations in paragraph one hundred and forty-one (141) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

142.    The allegations in paragraph one hundred and forty-two (142) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

**COUNT V**
**Design Defect**
**Against Balchem Corp.**

143.    Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

144.    The allegations in paragraph one hundred and forty-four (144) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

145.    The allegations in paragraph one hundred and forty-five (145) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

146.    The allegations in paragraph one hundred and forty-six (146) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

147.    The allegations in paragraph one hundred and forty-seven (147) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

148.    The allegations in paragraph one hundred and forty-eight (148) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

149.    The allegations in paragraph one hundred and forty-nine (149) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

150.    The allegations in paragraph one hundred and fifty (150) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

151.    The allegations in paragraph one hundred and fifty-one (151) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

152.    The allegations in paragraph one hundred and fifty-two (152) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

153.    The allegations in paragraph one hundred and fifty-three nineteen (153) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

154.    The allegations in paragraph one hundred and fifty-four (154) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

155.    The allegations in paragraph one hundred and fifty-five (155) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

156.    The allegations in paragraph one hundred and fifty-six (156) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

157.    The allegations in paragraph one hundred and fifty-seven (157) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

158.    The allegations in paragraph one hundred and fifty-eight (158) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

159.    The allegations in paragraph one hundred and fifty-nine (159) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

160.    The allegations in paragraph one hundred and sixty (160) of the Amended Complaint are not directed at Steri-Tech and were dismissed pursuant to the Opinion and Order (**ECF 53**).

**COUNT VI**
**Violation of Clean Air Act 42 U.S.C. § 7604**
**Against Defendant Steri-Tech, Inc.**

161.    Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

162.    The allegations in paragraph one hundred and sixty-two (162) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

163.    The allegations in paragraph one hundred and sixty-three (163) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

164.    The allegations in paragraph one hundred and sixty-four (164) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

165.    The allegations in paragraph one hundred and sixty-five (165) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

166.    The allegations in paragraph one hundred and sixty-six (166) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

167.    The allegations in paragraph one hundred and sixty-seven (167) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 53**).

### Declaratory Judgement

168.    Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

169.    The allegations in paragraph one hundred and sixty-nine (169) of the Amended Complaint are a conclusion of law and do not warrant a response from Steri-Tech. To the extent a response is required, Steri-Tech denies the same. It is affirmatively alleged that, as a matter of law, Plaintiff is not entitled to a declaratory judgment.

170.    The allegations in paragraph one hundred and seventy (170) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. It is also affirmatively alleged that there is no causal relationship between Steri-Tech's acts or

omissions and the injuries and damages alleged by Plaintiff. Also, she is not entitled to any of the alleged damages or remedies, including the alleged special damages (like medical expenses) which were not pled with specificity. Also, Plaintiff's claims are time-barred.

The headings, subtitles, footnotes, prayer relief and any other allegation or statement not hereby admitted is expressly denied.

Steri-Tech demands trial by jury on all matters and issues so triable.

## AFFIRMATIVE DEFENSES

1.      All denials and affirmative allegations set forth by Steri-Tech in the preceding answers to the Amended Complaint are incorporated by reference as fully set forth herein as Affirmative Defenses.

2.      The Amended Complaint fails to state a claim upon which relief can be granted.

3.      Plaintiff's claims are barred as a result of failure to plead with particularity, including that the Amended Complaint is insufficiently pleaded under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

4.      As to the facts alleged in the Amended Complaint, Steri-Tech has always acted within the established framework of its authority and duties, including any and all applicable legal duties of care.

5.      Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

6.      Steri-Tech exercised due care and diligence in all of the matters alleged in the Amended Complaint.

7.      At all times, Steri-Tech's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

8.      Steri-Tech's compliance negates breach, defeats "unreasonableness," and precludes nuisance liability premised on permitted EtO emissions.

9.      The utility of Steri-Tech's operations of sterilizing medical products, essential to the healthcare systems and patients, and its regulatory compliance defeat the "unreasonableness" element for a nuisance claim.

10.     To the extent any Plaintiff lacks a proprietary or possessory interest in the alleged affected property during the relevant period, private nuisance fails as a matter of law.

11.     Plaintiff's claims are barred, in whole or in part, because Steri-Tech's sterilization activities complied with all applicable statutes, government regulations, and recognized prevailing industry standards, as well as with federal and state standards and regulations governing such emissions, including but not limited to the regulations of the EPA and applicable state environmental agencies. Any emissions from government-approved sterilization processes, including, but not limited to, the EPA and/or other applicable state agencies, are not properly the subject of claims by private parties attempting to contest the legitimacy or safety of such processes, protocols, and/or specifications.

12.     There is no casual relation between any of Steri-Tech's actions and the alleged damages that Plaintiff's claim to have suffered.

13.     Plaintiff's claims against Steri-Tech are time-barred for not having been filed within the applicable period of limitations. Plaintiff was allegedly diagnosed with breast cancer in 2019, that is, *6 years before* the original Complaint was filed in January 2025. Therefore, Plaintiff had until 2020 to file her claim but failed to timely do so. As such, her claims are time-barred.

14.     Plaintiff is barred from alleging the matters in the Amended Complaint under the doctrine of laches, or have inexcusably and unreasonably delayed the commencement of the action to the prejudice of Steri-Tech.

15.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, collateral source, good faith, economic loss, consent, *res judicata*, assumption of risk, payment and release, waiver, avoidable consequences, collateral estoppel, judicial estoppel, equitable estoppel, set-off, learned intermediary, unclean hands, laches and/or statutory and regulatory compliance.

16.     Plaintiff has failed to join indispensable parties needed to provide just adjudication of this matter and complete relief.

17.     Steri-Tech denies that Plaintiff has suffered a cognizable injury or compensable injuries or damages to maintain any cause of action set forth in the Amended Complaint.

18.     Steri-Tech denies that Plaintiff is entitled to injunctive or equitable relief of any kind and asserts all defenses to such equitable relief allowed by law.

19.     Steri-Tech owed no statutory or common law duty to Plaintiff and could not reasonably foresee the risk of damages or injuries alleged in the Amended Complaint.

20.     If found liable, Steri-Tech is entitled to contribution and/or indemnity from other tortfeasors based on comparative fault or vicarious liability.

21.     Plaintiff cannot prove an alleged continued pattern of unlawful, toxic emissions and their harm, so the continuing tort doctrine does not apply to suspend the commencement of prescription as to Plaintiff's claims.

22.     Plaintiff's claims are barred, in whole or in part, because the social utility and benefit of the sterilization of medical products outweigh any risk of danger and/or harm, if any.

23.     The utility of Steri-Tech's operations of sterilizing medical products, essential to the healthcare systems and patients, and its regulatory compliance defeat the "unreasonableness" element for a nuisance claim.

24.     Plaintiff fails to specify the nature of her damages or provide detail sufficient to inform Steri-Tech of the nature of her claims.

25.     If Plaintiff sustained any injuries or damages as a result of exposure to EtO, which Steri-Tech denies, then such injury or damage was caused by EtO from sources other than emissions attributable to Steri-Tech's sterilization operations, including but not limited to, endogenously produced ethylene oxide.

26.     Plaintiff's claims for punitive damages are barred because Plaintiff cannot prove that Steri-Tech was intentional, reckless, malicious, or fraudulent, and Steri-Tech has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive damages.

27.     As a matter of law, Plaintiff is not entitled to a declaratory judgment, injunction, attorney's fees, costs, pre-judgment interest, or post-judgment interest for the claims asserted in the Amended Complaint.

28.     At all times material to Plaintiff's claims, the state of medical and scientific knowledge did not provide Steri-Tech with either knowledge or reason to know of a foreseeable risk of harm to Plaintiff stemming from Steri-Techs's sterilization operations.

29.     To the extent Plaintiff alleges that Steri-Tech failed to install appropriate pollution control facilities, such facilities were not practically, economically, or technically feasible at that time or were otherwise subject to a regulatory exception. To the extent such facilities were installed, they were used and diligently maintained in proper working order.

30.    Plaintiff's claims may be preempted, in whole or in part, by federal and/or state statutes and/or regulations, including, but not limited to, the Federal Food, Drug, and Cosmetic Act, the Medical Device Amendments of 1976, and the Clean Air Act, and their implementing regulations, along with any state and federal air quality permits for regulated emissions.

31.    Steri-Tech did not act, or failed to act, in any way that could be considered the proximate or efficient cause of Plaintiff's alleged damages.

32.    Steri-Tech did not act in concert with others to commit any alleged tort.

33.    Plaintiff's claims are barred, in whole or in part, by contributory negligence, comparative fault, and lack of care of Plaintiff and/or third parties.

34.    Puerto Rico law requires a present, actual injury.

35.    Puerto Rico law does not provide for the compensation of potential future injuries, only injuries actually suffered.

36.    Puerto Rico law does not recognize a freestanding medical-monitoring cause of action for asymptomatic Plaintiff or speculative future risk.

37.    Claims predicted in future, hypothetical harms are not ripe and must be dismissed.

38.    Plaintiff has not suffered any damages as a result of any act or omission of Steri-Tech.

39.    There is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiff.

40.    To the extent Plaintiff is entitled to any damages, which is denied, or to any recovery, which is also denied, the damages recoverable are limited in nature.

41.     Plaintiff's damages, if any, were proximately caused or contributed to by reason of the negligence or wrongful acts of Plaintiff, or of other persons, corporations or entities who may or may not be parties to this litigation.

42.     Plaintiff's damages, if any, were the result of a superseding or intervening event that was unrelated to any alleged act or omission of Steri-Tech.

43.     Plaintiff's damages, if any, were proximately caused in whole or in part by the acts or omissions of third persons over which Steri-Tech exercised no dominion or control and the recovery of Plaintiff, if any, must therefore be reduced by the percentage fault chargeable to such third person.

44.     Any damages to Plaintiff, which damages Steri-Tech denies, were caused by a supervening or intervening cause.

45.     The injuries and damages allegedly sustained by Plaintiff may have been caused, in whole or in part, by pre-existing or subsequent physical, medical, and/or physiological conditions, and/or unrelated medical or environmental conditions, diseases, or illnesses in their entirety, for which Steri-Tech has no legal responsibility.

46.     Plaintiff assumed the risk or failed to take ordinary precautions to avoid the damages alleged in the Amended Complaint.

47.     Plaintiff's alleged damages, if any, are unreasonable, excessive, exaggerated, speculative, arbitrary, remote, and/or are not allowed, in whole or in part, under the applicable doctrines for damages and recovery of Puerto Rico law.

48.     Plaintiff's damages, if any, were caused by conditions or occurrences beyond the control of Steri-Tech and, therefore, Plaintiff is precluded from recovery for alleged damages.

49.    Plaintiff failed to mitigate any damages that they may have sustained and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent any aggravation of any injuries, and failed to take reasonable precautions to reduce any injury and damage.

50.    Plaintiff has failed to adequately plead or allege special damages (like medical costs and/or expenses) and therefore, are not entitled to their recovery.

51.    Under Puerto Rico law, claims for medical expenses belong exclusively to the legal conjugal partnership. See, Fraguada Rodríguez v. Plaza Las Américas, 349 F. Supp. 2d 229, 232-233 (D.P.R. 2004) (holding that the real party in interest to claims for medical expenses was the conjugal partnership). To the extent that Plaintiff has been married at all times relevant to this case, the legal conjugal partnership was not included as co-plaintiff in the original Complaint or the Amended Complaint. As a result, the original Complaint and the Amended Complaint did not have the legal effect of interrupting the statute of limitations for claims by the legal conjugal partnership applicable to this case for medical expenses. Since the legal conjugal partnership did not toll the limitations period and it is not part of this case, any and all claims for medical expenses are time-barred and must be dismissed. Kery v. American Airlines, Inc., 931 F. Supp. 947 (D.P.R. 1995).

52.    Any award of damages to Plaintiff must be reduced by the amount any of the Plaintiff received from collateral sources, including but not limited to, insurance, Social Security, Medicare, worker's compensation, employment benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

53.    Plaintiff lacks credible and/or admissible evidence to establish liability against Steri-Tech as alleged in the Amended Complaint.

54.     Plaintiff lacks credible and/or admissible evidence to establish their damages as alleged in the Amended Complaint.

55.     Plaintiff lacks credible and/or admissible evidence to establish causation or nexus against Steri-Tech as alleged in the Amended Complaint.

56.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Steri-Tech's rights under the United States Constitution and analogous provisions of Puerto Rico's substantive law.

57.     Plaintiff has failed to preserve evidence and as a result of such spoliation, Steri-Tech has been prejudiced and Plaintiff's claims should be barred.

58.     If any other parties are negligent, legally responsible or otherwise at fault for the damages alleged in the Amended Complaint, and if there is a finding of any liability in favor of Plaintiff or settlement or judgment against Steri-Tech, Steri-Tech requests that the Court or Jury make an apportionment of fault among all parties. Steri-Tech further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault under all applicable laws.

59.     The Amended Complaint fails to state a claim for punitive damages on which relief can be granted, and the imposition of punitive damages against Steri-Tech would violate its constitutional rights under the following provisions of the United States Constitution and comparable provisions of federal law and Puerto Rican law that may be applicable: the Due Process Clauses in the 5th and 14th Amendments, the Double Jeopardy Clause in the 5th Amendment and the Commerce Clause.

60.    Plaintiff is obstinate for failing to carry out an investigation of the facts and the law applicable to their alleged claims. The Amended Complaint is frivolous and should be dismissed. The Court should grant all defense costs, expenses, and reasonable attorney's fees to Steri-Tech.

61.    Steri-Tech reserves the right to modify, clarify, amend, or supplement these separate affirmative defenses and/or raise any other affirmative defense applicable to the case that may arise during discovery in this case or otherwise.

62.    Steri-Tech reserves the right to assert at the time of trial any and all affirmative defenses revealed through discovery or otherwise.

**WHEREFORE**, defendant Steri-Tech respectfully requests that this Honorable Court deny the Amended Complaint (**ECF 33**) and, consequently, enter judgment for Steri-Tech, dismissing the Amended Complaint with prejudice, awarding Steri-Tech costs and attorney's fees, and that the Court grant Steri-Tech such other and further relief it deems just and proper.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing responsive pleading was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 9th day of January, 2026.

*Counsel for defendant Steri-Tech, Inc.*:

## Ferraiuoli LLC

P.O. Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000 / Fax: 787.766.7001

| *s/ Roberto A. Cámara-Fuertes* | *s/ Jaime A. Torrens-Dávila* | *s/ Pedro I. Torres-Crespí* |
|---|---|---|
| **Roberto A. Cámara-Fuertes** | **Jaime A. Torrens-Dávila** | **Pedro I. Torres-Crespí** |
| USDC-PR No. 219002 | USDC-PR No. 223810 | USDC-PR No. 309111 |
| rcamara@ferraiuoli.com | jtorrens@ferraiuoli.com | ptorres@ferraiuoli.com |

45